UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SIDOO, *et al.*,<br><br>Defendants | )<br>)<br>)<br>)<br>)   No. 19-CR-10080-NMG<br>)<br>)<br>)<br>)<br>)<br>) |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO INCLUDE AN ADDITIONAL PROVISION IN THE PROPOSED PROTECTIVE ORDER**

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby files this response in opposition to Defendants' motion to exclude "Primary Materials" from the reach of the agreed-upon Protective Order. For the reasons set forth below, Defendants' proposed paragraph relating to "Primary Materials" would eviscerate the protections provided by the Protective Order, lead to confusion as to what materials are still protected, and serve no interest related to the ability of the Defendants to mount a defense to the charged crimes.

As the Defendants correctly note, the parties have negotiated an agreed-upon Protective Order. See Dkt. 365, Ex. A. This Protective Order balances the highly confidential nature of the discovery with the Defendants' need to mount a defense to the charged crimes. Indeed, the Protective Order agreed to by the parties allows each of the Defendants to view, access, and maintain all of the discovery materials provided to them by the Government. Further, the Protective Order allows the materials to be provided to prospective defense witnesses so that the Defendants are not hampered in their ability to prepare for trial. Finally, the Protective Order places the burden on the Government – within 120 days – to designate categories of materials that will remain protected beyond the first 120-day period.

Despite these provisions, Defendants now seek an additional carve-out from the Protective Order for what they deem to be "Primary Materials." Defendants define Primary Materials as discovery materials that not "only reference or relate to that defendant or the defendant's family members" but also "relate to *any* action taken by an alleged co-conspirator with respect to the defendant or any of the defendant's family members." Specifically, Defendants maintain that there should be no restrictions whatsoever on their ability to use "primary materials as to them," and that they should be permitted to use such materials for whatever purpose they so choose. The Government objects to the inclusion of this broad and confusing provision for the reasons set forth below.

Defendants' proposed carve-out essentially eviscerates the agreed-upon Protective Order. This is true because many of the discovery materials being provided by the Government do not relate to a single defendant or to a particular defendant's family. Rather, documents and recordings often reference multiple charged and uncharged individuals. Given the nature of the discovery, there is no way to cabin off one defendant's materials from those of another defendant. Further, Defendants have been properly charged together in one single conspiracy. Accordingly, <u>all</u> discovery materials "relate" to actions taken by a "co-conspirator with respect to [each] defendant." In short, Defendants' claim that the "vast majority of the Discovery Materials" would be unaffected by Defendants' proposed carve-out is not accurate.

Moreover, Defendants fail to articulate reasons why their carve-out is needed. Defendants do not argue – nor can they – that their ability to mount an effective defense is hampered. Indeed, the restrictions in the parties' proposed Protective Order are hardly onerous. The proposed order, for example, permits the Defendants to access and review all discovery materials on a secure server or network or a password-protected encrypted electronic drive, as well as in hard copy form where needed. The order further permits each Defendant to maintain one physical and/or electronic copy

of the entire set of discovery materials. The Protective Order also allows the Defendants and defense team members to exchange all discovery materials via email.

Instead, Defendants hint that the inclusion of their additional provision would allow them to use the Primary Materials "as he or she and his or her counsel sees fit." Defendants are correct that the Protective Order does require that the discovery materials be used *solely* in connection with the preparation and litigation of the Defendants' legal defense in this case. But Defendants' motion fails to articulate why they should be able to use discovery materials that reference or relate to them, their co-conspirators, or their family members for whatever purpose they choose. Given the highly sensitive nature of many of the discovery materials – which include health, financial, and academic information – and the above-referenced inability to identify and segregate out each Defendant's "own materials," Defendants' unworkable proposal should be rejected. Simply stated, the discovery materials are being produced by the Government in connection with the litigation of this case, and that is the sole purpose for which they should be utilized.

Accordingly, for the reasons stated above, the Government respectfully requests that this Court enter the proposed Protective Order submitted as <u>Exhibit A</u> to the parties' April 25, 2019 joint status report (Dkt. 365), without the additional provision requested in Defendants' motion.

                        Respectfully submitted,

                        ANDREW E. LELLING
                        UNITED STATES ATTORNEY

Dated: April 28, 2019        By:   */s/ Eric. S. Rosen*
                                          ERIC S. ROSEN
                                          JUSTIN D. O'CONNELL
                                          LESLIE A. WRIGHT
                                          Assistant United States Attorneys
                                          John Joseph Moakley Courthouse
                                          One Courthouse Way, Suite 9200
                                          Boston, Massachusetts 02210
                                          Tel: (617) 748-3100
                                          Eric.Rosen@usdoj.gov
                                          Justin.O'Connell@usdoj.gov
                                          Leslie.Wright@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

Dated: April 28, 2019                  By:    */s/ Eric. S. Rosen*
                                                                        ERIC S. ROSEN
                                                                        Assistant United States Attorney