UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 19-10080-NMG |
| (1)   DAVID SIDOO, <br> (2)   GREGORY COLBURN, <br> (3)   AMY COLBURN, <br> (4)   DIANE BLAKE, <br> (5)   TODD BLAKE, <br> (8)   MOSSIMO GIANNULLI, <br> (9)   ELIZABETH HENRIQUEZ, <br> (11) DOUGLAS HODGE, <br> (14) LORI LOUGHLIN, <br> (18) HOMAYOUN ZADEH, and <br> (19) ROBERT ZANGRILLO, <br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## GOVERNMENT'S MOTION TO UNSEAL DKTS. 400 AND 401

At the initial status conference in this case, this Court sealed the government's motion regarding conflicts of interest, Dkt. 400, and ordered the parties to meet and confer about redactions that would allow the brief to be filed on the public docket. The Court likewise sealed defendant Robert Zangrillo's response to the government's motion. *See* Dkt. 401. For the reasons set forth below, there is no cognizable reason to keep these two filings under seal. Accordingly, the government respectfully requests that the redacted forms of the pleadings be unsealed.

The public has a common-law right of access to judicial documents. *See Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). Courts have long recognized that "public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). In addition to the common-

law right of access, both the public and the press enjoy a constitutional right of access to criminal proceedings under the First and Fourteenth Amendments. *See Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 603-06 (1982); *In re Providence Journal Co., Inc.*, 293 F.3d 1, 10 (1st Cir. 2002) (constitutional right of access to criminal proceedings extends to "documents and kindred materials submitted in connection with the prosecution and defense of criminal proceedings").

When evaluating a request to unseal records, "a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case . . . keeping in mind that 'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013).

The defendants have provided no compelling reason to keep the above-referenced filings under seal. At the status conference, counsel for defendants Sidoo and Zangrillo cited the public nature of the case and the defendants' desire to have the parties' briefs unsealed simultaneously, so that any press coverage would reflect both sides' arguments. Counsel for defendant Douglas Hodge has likewise cited the "high profile of USC," one of the alleged victims in this case, and of the three law firms that simultaneously represent USC and defendants in this case—Ropes and Gray, Latham and Watkins, and Nixon Peabody—as a basis for the defendants' "responsive filings [to be] public when [the government's] filing is read by the press and public." *See* June 6, 2019 e-mail from counsel, attached hereto as Exhibit A.

The desire to shape press coverage is not a legitimate reason to keep pleadings sealed until the opposing party has an opportunity to respond. *See Kravetz*, 706 F.3d at 61 (categories of documents that are properly sealed include financial records, family affairs, illnesses and other medical information). That is particularly the case where, as here, the briefing—with the limited

exception of certain portions that the government proposes to redact because they relate to a defendant's potential cooperation—focuses not on the defendants themselves, but on the conflicts of their attorneys. While these conflicts with their own clients might be embarrassing to the firms, the "fear of adverse publicity . . . is insufficient to defeat public access," even when it affects the defendant, and not merely the law firm that represents him. *Kravetz*, 706 F.3d at 64. And that fear is, in any event, overstated here, where the government's filing includes the full correspondence from Latham and Watkins and Ropes and Gray setting forth their respective positions on the issue.

Likewise, the First Circuit has explicitly *rejected* the approach of sealing briefs until responsive pleadings have been filed. In *Providence Journal Co., Inc.*, the court noted that the trial court "decided to refrain from reviewing each individual memorandum to decide whether it could be made available to the public until after the time had expired for the submission of any possible reply memorandum." 293 F.3d at 15. The First Circuit concluded that this procedure "unnecessarily prolongs the process. Each individual memorandum either contains restricted information (in which case it is subject to redaction or sealing) or it does not (in which case it does not pose a threat to the defendant's Sixth Amendment rights)." *Id.*

Accordingly, the Government respectfully requests, that the Court unseal redacted versions of the government's brief and any responsive pleadings, and that any redactions be limited to those that are consistent with applicable law.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Eric S. Rosen*
ERIC S. ROSEN
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
Assistant United States Attorneys

Date: June 10, 2019

Local Rule 7.1 Certification

I hereby certify that the government has conferred with counsel for the above-captioned defendants, most of whom have responded to the Government's e-mails. The defendants take a variety of positions on the Government's motion, ranging from "no position" to "opposition."

*/s/ Eric S. Rosen*
ERIC S. ROSEN
Assistant United States Attorney

Certificate of Service

I hereby certify that on June 10, 2019, I filed a copy of this motion on the ECF docket.

*/s/ Eric S. Rosen*
ERIC S. ROSEN
Assistant United States Attorney