UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 19-10080-NMG |
| (1) DAVID SIDOO<br>(19) ROBERT ZANGRILLO, | ) ) ) | |
| Defendants. | ) ) | |

GOVERNMENT'S PROPOSED *FOSTER* HEARING QUESTIONS

The government hereby submits the following proposed questions in response to the Court's Order, Docket No. 406:

Boies Schiller Flexner LLP-Related Questions

- Do you understand that you and Davina Isackson were both charged together in the same criminal complaint?

- Do you understand that you and Ms. Isackson are alleged by the government to have been involved in a single conspiracy?

- Do you understand that Ms. Isackson, while represented by Boies Schiller Flexner LLP (BSF), has pled guilty and acknowledged her participation in the same conspiracy in which you have been charged?

- Do you understand, for example, that both you and Ms. Isackson have been charged with defrauding the same victim, the University of Southern California (USC)?

- Do you understand, moreover, that both you and Ms. Isackson have been charged in a conspiracy with the same goal – to gain admission to USC through the payment of bribes and falsified athletic and academic credentials?

- Do you understand further that both you and Ms. Isackson have been charged with using Rick Singer's services to accomplish this fraudulent goal?

- Do you understand that the question of whether this case involves multiple conspiracies or a single conspiracy is a question of fact for the jury that cannot be resolved pre-trial? *See, e.g., United States v. Wihbey*, 75 F.3d 761, 774 (1st Cir. 1996) ("the question whether a

- Do you understand that Ms. Isackson, in addition to having pled guilty, is cooperating with the government?

- Do you understand that, as part of her cooperation, Ms. Isackson may testify at a trial against you to establish the existence of and nature and scope of the conspiracy?

- Do you understand that the government may use Ms. Isackson's testimony against you at trial even if you had no personal knowledge of or acquaintance with her before this case? *See, e.g., United States v. Negron-Sostre*, 790 F.3d 295 (1st Cir. 2015) ("Each coconspirator need not know of or have contact with all other members, nor must they know all of the details of the conspiracy or participate in every act in furtherance of it.").

- Do you understand that Ms. Isackson's testimony would therefore provide direct evidence against you, since it would, amongst other things, establish the existence of the conspiracy with which you are charged of being a member?

- Do you understand that dual representation—such as BSF's representation of Ms. Isackson, a cooperating witness, and yourself, a charged defendant—is the type of conflict that the professional rules of conduct for lawyers generally prohibit?

- Do you understand that because of BSF's dual representation, your attorneys may be limited in their ability to cross-examine Ms. Isackson and that this limitation may be to your detriment?

Martin Weinberg-Related Questions

- Do you understand that you and David Sidoo were both charged together in the same indictment?

- Do you understand that you and Mr. Sidoo are both represented by Martin Weinberg?

- Do you understand that Mr. Weinberg has acknowledged that there is a conflict in this representation since he intends to withdraw from representing you if both cases proceed to a joint trial?

- Do you understand that conflicts presented by Mr. Weinberg's dual representation may manifest even before trial, such as if either you or Mr. Sidoo elects to plead guilty or cooperate?

- Do you understand that, for the same reasons as set forth above with respect to Ms. Isackson, that Mr. Sidoo could testify against you at trial?

given body of evidence is indicative of a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a matter of fact" for the jury).

- Do you understand that continued dual representation by Mr. Weinberg at this time—even if it were to cease by the time of trial—may result in further conflicts based on the information Mr. Weinberg learns from his representation of Mr. Sidoo?

- Do you understand that if Mr. Weinberg withdraws from representing you on the eve of trial, as he suggests, such withdrawal may hamper your defense at trial? And that such a late withdrawal may not be grounds for delaying the trial?

                                    Respectfully submitted,

                                    ANDREW E. LELLING
                                    United States Attorney

By:   */s/ Eric S. Rosen*
        ERIC S. ROSEN
        JUSTIN D. O'CONNELL
        LESLIE A. WRIGHT
        KRISTEN A. KEARNEY
        Assistant United States Attorneys

Date: June 11, 2019

Certificate of Service

I hereby certify that on June 11, 2019, I served a copy of the foregoing on counsel of record in this case via electronic mail.

/s/ Eric S. Rosen<br>
ERIC S. ROSEN<br>
Assistant United States Attorney