UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10080-NMG

UNITED STATES OF AMERICA

v.

ROBERT ZANGRILLO

### ORDER RE CONFLICT OF INTEREST

June 11, 2019

KELLEY, U.S.M.J.

The government moved for a hearing concerning conflicts of interest with regard to counsel retained by Mr. Zangrillo (#400). Mr. Zangrillo is represented by the law firm of Boies Schiller Flexner LLP (Boies Schiller). Davina Isackson, a defendant in a separate but related case, who has pled guilty and is cooperating with the government, is also represented by that firm. The government asserts that Ms. Isackson may be a witness against Mr. Zangrillo at trial. In addition, Mr. Zangrillo is represented by Attorney Martin Weinberg, who also represents a codefendant, David Sidoo.

The court held a hearing today pursuant to Rule 44(c), Fed. R. Crim. P. At the hearing, Attorney Matthew Schwartz of Boies Schiller, Attorney Nicholas Theodorou of Foley Hoag LLP, and Attorney Martin Weinberg, all of whom represent Mr. Zangrillo, appeared on behalf of Mr. Zangrillo. Attorney Weinberg explained why he believes the potential conflict of interest with Mr. Sidoo is not fatal to his representation of Mr.

Zangrillo. Attorney Schwartz explained the considerable steps that Boies Schiller has taken to prevent the attorneys representing Mr. Zangrillo and Ms. Isackson to communicate with one another or share documents concerning their respective cases. At the hearing, the government agreed that any conflict of interest in the case may be waived and is not so egregious that the court should remove counsel against the defendant's wishes.

    At the hearing, the court explained to Mr. Zangrillo that when codefendants are represented by the same counsel or law firm, conflicts may affect the quality of their representation. The court set out possible problems, for example, the fact that joint representation might preclude one defendant from engaging in plea bargaining or otherwise interfere with a favorable disposition of the charges against that defendant. The court also explained to Mr. Zangrillo in detail that in his case, there is an actual conflict of interest, not only a potential one, with regard to the law firm of Boies Schiller's representation of him, and set out the government's position as to why Ms. Isackson's cooperation against him could be prejudicial to him.

    The court further advised Mr. Zangrillo that he has an absolute right to representation by separate counsel of his own choosing.

    At the hearing, present counsel for Mr. Zangrillo reported that they had reviewed the matter of joint representation with Mr. Zangrillo.

    Mr. Zangrillo acknowledged that he is aware of the problems with his attorneys' representation of him, he is aware that he is entitled to be represented

by separate counsel, and that present counsel have discussed the matter with him.

Notwithstanding the potential for conflicts of interest to arise and the fact that a conflict of interest already exists in the case, Mr. Zangrillo still chooses to be represented by present counsel.

This court finds and concludes that Mr. Zangrillo knowingly, intelligently, and voluntarily waived his right to be represented by separate counsel.

This court accordingly concludes, pursuant to Rule 44(c), Fed. R. Crim. P., that Mr. Zangrillo shall be represented by present counsel. Mr. Zangrillo, at a later time, because of new developments or otherwise, may retain separate counsel. Should Mr. Zangrillo conclude that representation by separate counsel is appropriate in the circumstances, that decision shall be made promptly upon discovery of the facts warranting that decision. As explained by this court during the colloquy with Mr. Zangrillo, a judge is not obligated to continue a trial date based upon a late decision to obtain new counsel.

Present counsel shall immediately notify this court in writing should counsel become aware of new information bearing on the question of joint representation.

/s/ M. Page Kelley
UNITED STATES MAGISTRATE JUDGE