UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | CRIMINAL NO. 19-CR-10080 |
| DAVID SIDOO, et al<br>Defendants | ) ) ) ) ) | |

**DEFENDANT ROBERT ZANGRILLO'S MOTION FOR LEAVE TO PARTIALLY PROCEED *EX PARTE* ON HIS MOTION FOR RULE 17(c) SUBPOENA**

Defendant Robert Zangrillo, by and through undersigned counsel, hereby respectfully moves this Honorable Court for leave to partially proceed on an *ex parte* basis on his Motion for Rule 17(c) Subpoena. Mr. Zangrillo respectfully requests this Honorable Court to allow him to file his relevance and materiality arguments in support his Motion for Rule 17(c) Subpoena on an *ex parte* basis in order to prevent the unwarranted and premature disclosure of his trial strategy and trial preparation. If allowed to partially proceed *ex parte*, Mr. Zangrillo will serve a redacted Motion on the government and will provide the un-redacted originals to this Honorable Court.

Courts have repeatedly held that a motion for Rule 17(c) subpoena may be submitted and considered on an *ex parte* basis where disclosure would: (1) "divulge trial strategy, witness lists or attorney work-product"; (2) "imperil the source or integrity of subpoenaed evidence"; or (3) "undermine a fundamental privacy or constitutional interest of the defendant." *United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997); *see also United States. v. Clason*, No. 05-

1

CR-870, 2007 WL 1259138 (D. Ariz. Apr. 23, 2007) (following *Beckford*); *United States. v. Johnson*, 04-CR-017, 2004 WL 877359 (E.D. La. Apr. 23, 2004) (same); *United States v. Kanodia*, No. 15-CR-10131, Dkt. 66 (D. Mass. Dec. 3, 2015) (allowing defendant to proceed *ex parte* and under seal on his request for Rule 17(c) subpoenas). Finding otherwise would unconstitutionally force the defendant to choose between divulging trial strategy and foregoing his Sixth Amendment right to subpoena evidence in his favor. *See Beckford*, 964 F. Supp. at 1027; *see also United States v. Daniels*, 95 F. Supp. 2d 1160, 1163 (D. Kan. 2000).

Here, the disclosure of why Mr. Zangrillo believes the requested documents are relevant and material to his defense, a requirement pursuant to *United States v. Nixon*, 418 U.S. 683 (1974), would reveal his trial strategy, trial preparation, and his anticipated defenses. The government will not be prejudiced by Mr. Zangrillo's partial *ex parte* filing. The government has an equal ability to seek pre-trial production of evidence without divulging trial strategy to the defense. *See Beckford*, 964 F. Supp. at 1028 ("[Rule 17(c)] is unqualifiedly even-handed in its approach to applications from defendants and the Government.") (citation omitted)).

**WHEREFORE**, Mr. Zangrillo respectfully requests this Honorable Court to allow him leave to partially proceed *ex parte* on his Motion for Rule 17(c) Subpoena.

## COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Undersigned counsel conferred with counsel for the Government and the Government, by and through AUSA Eric Rosen, takes no position at present on the defense request to proceed partially ex parte.

Respectfully Submitted,
Robert Zangrillo
By His Attorneys,

**/s/ Martin G. Weinberg**

Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

**/s/ Nicholas Theodorou**

Nicholas Theodorou
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1163
ntheodorou@foleyhoag.com

**/s/ Matthew L. Schwartz**

Matthew L. Schwartz
Boies Schiller Flexner
55 Hudson Yards, 20th Floor
New York, NY 1001
(212) 303-3646
mlschwartz@bsfllp.com

Dated: June 19, 2019

**CERTIFICATE OF SERVICE**

    I, Martin G. Weinberg, hereby certify that on this date, June 19, 2019, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.