# EXHIBIT A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| David Sidoo, et al | ) | Case No. 1:19-cr-10080-NMG |
| *Defendant* | ) | |

Received 80139
JUL 11 2019
Office Of The General Counsel

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: University of Southern California, Office of the General Counsel, 3551 Trousdale Parkway ADM 352, Los Angeles, CA 90089-5013

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

Documents and records desribed in Exhibit A

| Place: United States District Court - Courtroom 24, 7th floor<br>1 Courthouse Way<br>Boston, MA 02210 | Date and Time: 07/22/2019 2:30 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

(SEAL)

CLERK OF COURT

*Killyann Belmont*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ Robert Zangrillo _____, who requests this subpoena, are:

Martin G. Weinberg, 20 Park Plaze, Suite 1000, Boston, MA 02116, (617)227-3700, owlmcb@att.net

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 1:19-cr-10080-NMG

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) **In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) **In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## EXHIBIT A

### DEFINITIONS

1. The full text of the definitions and rules of construction set forth in D. Mass. Local Rule 26.5 (Uniform Definitions in Discovery Requests) apply to the requests below.

2. As provided for under Local Rule 26.5 and Fed. R. Civ. P. 34(a)(1)(A), the term "document" includes physical documents as well as electronically stored information in any form, such as phone records, email, Slack, text, SMS, or any form of instant messaging available on any electronic device including through WhatsApp or any other messaging or social media software or application, both as to log or metadata and the content of communications.

3. "Document" additionally means all written and graphic matter, however produced or reproduced, and each and every thing from which information can be processed, transcribed, transmitted, restored, recorded, or memorialized in any way, by any means, regardless of technology or form. It includes, without limitation, correspondence, memoranda, notes, notations, diaries, papers, books, accounts, photographs, data compilations, ledgers, letters, telegrams, cables, telex messages, facsimiles, contracts, offers, agreements, reports, objects, tangible things, work papers, minutes, reports and recordings of telephone or other conversations or communications or of interviews or conferences or of meetings, occurrences or transactions, text messages, emails, information kept in computer hard drives or other computer drives of any kind, computer back-up, CD-ROM or other computer disks of any kind, teletypes, telecopies, printed matter of any kind or description. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and should be produced as a separate document.

4. "University of Southern California" or "USC" includes the university and all of its subsidiaries and affiliates, and all of their offices, departments, divisions, and branches.

5. "Communication" means all written or verbal communications, by any and all methods, including, without limitation, letters, memoranda, and/or electronic mail, by which information, in whatever form, is stored, transmitted, or received, and includes every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or by document or otherwise, face-to-face, by telephone, telecopies, email, text, modem transmission, computer generated message, or mail.

6. The words "relating to" or any derivative thereof as used herein includes anything concerning, referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, evidencing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, or constituting the subject matter of the request.

### INSTRUCTIONS

1. This request calls for the production of all responsive documents in the

possession, custody, or control of USC, without regard to the physical location of such documents.

      2.      If any document responsive to the request is withheld, in whole or in part, based on any claim of privilege or protection, including the attorney-client or work product privilege, state separately for each document (a) the specific request that calls for the production; (b) the nature of the privilege claimed; (c) the date of the document; (d) the name of each author; (e) the name of each person or entity to which the document was distributed; (f) the title or position of the author; (g) the type of document; (h) the title and subject matter of the document (without revealing the information as to which the privilege is claimed) with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

## DOCUMENTS AND INFORMATION TO BE PRODUCED

a. The number of prospective students, including transfer students, designated as "VIP," "special interest," and/or "university advancement" from January 1, 2015 through February 28, 2019 by any USC personnel;

b. The names, departments (including but not limited to the athletic department), and titles of the university personnel responsible for each such designation above, including the number of students designated by each individual employee;

c. For each prospective student designated as "VIP," "special interest," and/or "university advancement" during the relevant time period, the amount of any donations made to USC by the student's parent(s) within the period beginning twelve months prior to the student's admission and ending twelve months after his or her admission, as well as the specific USC department or employee receiving each donation;

d. Information regarding the percentage of students designated as "VIP," "special interest," and/or "university advancement" that were accepted for admission to USC, including the percentage of such students admitted within twelve months before or after a donation from a parent of at least $50 thousand, and also including a comparison to the percentage of students accepted after presentation to the athletic subcommittee, and the percentage of all other applicants accepted;

e. A copy of the University Advancement database referenced in Exhibit 5 current as of June 17, 2018, the date Mr. Zangrillo's daughter was admitted to USC;

f. Any and all documents indicating that the President of USC received and/or reviewed applications from students flagged as "VIP," "special interest," and/or "university advancement"; and

g. All communications including but not limited to emails, text messages, and instant messages sent or received by any USC personnel relating to Amber Zangrillo.