UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DAVID SIDOO, et al )<br>        Defendants ) | CRIMINAL NO. 19-10080 |

**JOINT STATUS REPORT REGARDING MOTION FOR RULE 17c SUBPOENA**

Now comes the defendant Robert Zangrillo and non-party University of Southern California ("USC"), by and through undersigned counsel, and respectfully submit this Status Report pursuant to the Court's order. Shortly after the September 18, 2019 hearing in this matter, Mr. Zangrillo and USC commenced settlement negotiations, with the goal of agreeing to the production of a subset of the subpoenaed documents in exchange for the staying of and ultimate withdrawal of the current or any revised Rule 17(c) subpoena, or in the alternative of reaching a partial resolution that would result in a narrowing of the disputed subpoena items that at least in part accommodated USC's desire to reduce the burden of the required searches and to protect the privacy of its students, applicants, and donors. Mr. Zangrillo has maintained throughout that, for the reasons stated in his opposition to USC's motion to quash, Dkt. 546, at the September 18 hearing, and in his *ex parte* submission provided to the Court on October 7, at least a significant amount of the subpoenaed documents will likely be material, and even essential, to his future trial defenses.

1

Mr. Zangrillo and USC have reached agreement on many of the subjects raised by the original subpoena.  The parties are continuing to engage in good-faith negotiations, principally regarding one central aspect of the subpoena, which they hope to conclude next week.  In the event that an agreement is reached on this remaining point, it would result in Mr. Zangrillo's agreement to stay the subpoena or any amended subpoena subject to his review of the documents produced by USC, while reserving his right to request further documents if there are inadequacies in the production, or if the government raises evidentiary objections to their future admission other than to their relevance.  The anticipated production will occur over an agreed schedule and the receipt of the documents will be subject to a protective order that will not preclude the defendant from fulfilling his reciprocal discovery obligations.  Mr. Zangrillo has also reserved his right to subpoena USC employees and further documents if he makes a determination of necessity at or before trial.

    Respectfully Submitted,
Robert Zangrillo
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

University of Southern California
By Its Attorneys,

        **/s/ Douglas M. Fuchs**
Douglas M. Fuchs (Admitted Pro Hac Vice)
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
dfuchs@gibsondunn.com

**/s/ Anthony E. Fuller**
Anthony E. Fuller (BBO #633246)
Elizabeth C. Pignatelli (BBO #677923)
Hogan Lovells US LLP
125 High St., Suite 2010
Boston, MA 02110
(617) 371-1000
anthony.fuller@hoganlovells.com
elizabeth.pignatelli@hoganlovells.com

Dated: October 11, 2019

## CERTIFICATE OF SERVICE

    I, Martin G. Weinberg, hereby certify that on this date, October 11, 2019, a copy of the foregoing document has been served via Electronic Court Filing System on all registered participants.

**/s/ Martin G. Weinberg**