# MARTIN G. WEINBERG, P.C.
## ATTORNEY AT LAW

*20 PARK PLAZA, SUITE 1000*
*BOSTON, MASSACHUSETTS 02116*

*(617) 227-3700*

*FAX (617) 338-9538*

*NIGHT EMERGENCY:*
*(617) 901-3472*

*EMAIL ADDRESSES:*

*owlmcb@att.net*
*owlmgw@att.net*

October 18, 2019

**Via Electronic Mail**
Eric Rosen
Justin O'Connell
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
eric.rosen@usdoj.gov
justin.O'Connell@usdoj.gov

RE:  **USA v. Sidoo et al; 19-CR-10080**

Dear Eric and Justin:

This letter is to request that you provide the defense (myself as well as my co-counsel) with the tape recordings of all non-minimized interceptions resulting from the execution of the four Title III interception Orders that have been disclosed to the defense in discovery and similarly to provide us with any and all consensual recordings and texts that were initiated or received by Mr. Singer after he commenced his cooperation in late September of 2018.  As you know, we have received from you the audio recordings of intercepts deemed "pertinent" but not the audio recordings of other interceptions of Rick Singer that resulted from the Title III Orders that the Government has at least implicitly deemed "non pertinent". Likewise we have received a subset of the "consensual" recordings and texts (by my count we received 2043 calls and texts and are missing 6,510 of the 8,3533 audios and calls between October 1, 2018 and March 14, 2019).  Amongst the non-disclosed interceptions are telephone calls that were not contemporaneously minimized by those monitoring the execution of the Title III Orders. Amongst the non-disclosed consensual calls and texts are communications made by Mr. Singer while he was actively cooperating with the Government. Also missing are the Singer-Meredith calls that occurred in April and May and were relied upon in the Title III Applications.  As to the Title III intercepts, it is my understanding that no Assistant United States Attorney working as part of the prosecution team made the specific determinations as to whether any specific non-disclosed audio was or was not "pertinent", instead relying on determinations made either by law enforcement officers or others.  I am without knowledge as to who made the determinations as to which consensual recording and text to disclose or not disclose. Amongst the reasons why the audios that were intercepted and not minimized and the non-disclosed consensual recordings and texts need to be disclosed are the following:

1. That if Mr. Singer testifies, they constitute 3500 to the extent there is any discussion of any of the subject matter of his testimony;

2. That if Mr. Singer testifies, they predictably have exculpatory information within them that is otherwise unavailable to the defense such as evidence that would be admissible as to bias, as prior inconsistent statements, under FRE 608(b), as leads to additional exculpatory evidence, or as substantive exculpatory evidence that the Government is required by Due Process and our Local Rules to disclose. For instance, the recordings made of the Singer-Meredith communications will be highly relevant in terms of establishing Singer's bias;

3. That certain disclosed audios make reference to prior conversations Singer claims to have had during the time period of the Title III interceptions with certain Deans of Universities, or coaches, or business people, etc. that I cannot locate based on the limited universe of "pertinent" audios that are disclosed. The absence of such prior interceptions would prove he was lying when he claims to have had such prior conversations. The prior audios are needed to prove that Singer has a pattern of deceit when speaking with others including certain of the charged parents during calls in which he claims to have had prior conversations that he in fact didn't have. The call logs have inadequate and inconsistent detail and only run through October 1, 2018. There are no call logs for the post-October 1, 2018 period providing us with no means to even begin to be able to track what was not disclosed;

4. That if I am correct that no Assistant United States Attorney who is a member of the prosecution team has personally reviewed all of the intercepted and non-minimized audios, and all of the consensual recordings and texts, then the defense has no assurance that there has been any meaningful determination that all "exculpatory" information in the possession of the prosecution team has been identified and disclosed as required by Due Process;

5. That any and all communications by Singer while he was cooperating with the Government have the potential to demonstrate his bias and interest in favor of furthering the Government's investigation – or alternatively evidence his intentional attempts to impede the investigation – all of which are discoverable.

I would appreciate your considering whether the practice most consistent with Rule 16, the Local Rules, Brady v Maryland, and Giglio v United States is to make a full disclosure of all non-minimized audio intercepts and consensual recordings and texts of Mr. Singer. Even if he is not a witness, under FRE 806, his impeachment will be admissible. To withhold the missing audios and texts at this time, and then to disclose them on your own or to be required by the Court to disclose them closer to trial, will likely require a continuance of any scheduled trial in order for the defense to have the necessary ability to listen, transcribe, investigate, and ultimately use as evidence. Accordingly, we are asking for the prompt production of all of the non-disclosed Title III and consensual audios and texts. The prompt production would facilitate our pretrial preparation, and also facilitate the preparation of timely substantive motions challenging the electronic surveillance itself as well as enabling us to make other timely filings that might arise from our review of the missing audios and texts.

Additionally, I would request (1) any interim progress reports that would have been regularly made to Judge Burroughs during the ongoing interception period and (2) any logs maintained by the monitoring agents at or around the time they were monitoring the interceptions that would contain contemporaneous notes and summaries of the content of the conversations that were being intercepted other than the call logs that have already been produced. The progress reports are regularly produced as part of Title III discovery as are the contemporaneous logs that would assist the defense in both determining whether minimization obligations were being properly applied and in having some basis of knowledge for what was not produced.

Finally, representations were made to the Court regarding the nexus between the expected Title III interceptions and the District of Massachusetts. Other than what appears facially in the Applications and Affidavits, what evidence existed at the time that the Title III Orders were sought to support the expectation that evidence relevant to a District of Massachusetts criminal conduct would likely result from the interceptions of Singer's cellphone etc.

Respectfully,

**DAVID SIDOO**
By his attorneys,

Martin G. Weinberg
Martin G. Weinberg, P.C.

David Z. Chesnoff
Richard A. Schonfeld
Chesnoff & Schonfeld, PC

**ROBERT ZANGRILLO**
By his attorney,

Martin G. Weinberg
Martin G. Weinberg, P.C.

**GAMAL ABDELAZIZ**
By his attorney,

Brian T. Kelly
Nixon Peabody LLP

**DIANE AND TODD BLAKE**
By their attorneys,

David Meier
Todd & Weld LLP

Stephen H. Sutro
Duane Morris LLP

**AMY AND GREGORY COLBURN**
By their attorney,

David S. Schumacher
Hooper, Lundy, & Bookman, P.C.

**ELISABETH KIMMEL**
By her attorneys,

Eóin P. Beirne
Cory S. Flashner
R. Robert Popeo
Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo, PC

**WILLIAM McGLASHAN, JR.**
By his attorney,

John C. Hueston
Hueston Hennigan LLP

**MARCI PALATELLA**
By her attorney,

Michael K. Loucks
Skadden, Arps, Slate, Meagher
& Flom LLP

**JOHN WILSON**
By his attorneys,

Michael Kendall
Yakov Malkiel
White & Case LLP

**Dr. HOMAYOUN ZADEH**
By his attorney,

Tracy A. Miner
Miner Orkand Siddall LLP