

U.S. Department of Justice

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 31, 2019

**VIA E-MAIL**

Martin G. Weinberg, Esq.
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116

      Re: *United States v. David Sidoo, et al.*, Case No. 19-cr-10080-NMG

Dear Mr. Weinberg:

      We write in response to your letter, dated October 18, 2019, requesting production of: (a) non-pertinent audio recordings and text messages obtained either as a result of Title III orders or through the consent of William "Rick" Singer (together, the "Non-Pertinent Materials"); (b) progress reports made in connection with the Title III interception orders (the "Progress Reports") and contemporaneous notes of agents monitoring the Title III intercepts; and (c) evidence, at the time of the Title III orders, that "a District of Massachusetts criminal conduct would likely result from the interceptions of Singer's cellphone etc." We do not believe you are entitled to these materials at this time.

      **NON-PERTINENT MATERIALS**

      The Non-Pertinent Materials you request are not governed by Fed. R. Crim. P. 16. In fact, your letter acknowledges that you seek these materials principally to enable the defense to prepare "if Mr. Singer testifies"—including as 18 U.S.C. § 3500 materials, to demonstrate bias, and/or for impeachment. As you are aware, Local Rule 116.2(b)(2) provides that this type of information must be produced 21 days before trial. The government is aware of its obligations under the Local Rules and relevant precedent, and will comply with those requirements.[1]

---

[1] Your contention that 6,510 consensually recorded communications are being withheld is mistaken. The vast majority of these purported "communications" have no content because the telephones never connected or there was no answer.

Notwithstanding the foregoing, the government has produced linesheets and monitor logs for all communications intercepted pursuant to Title III. *See* SINGER-VOL006-000023 through SINGER-VOL006-005643. The logs indicate whether the communications were minimized, and set forth participant information, dates and times, length of calls and synopses of the communications. This information is sufficient for you to assess the relevance of intercepted communications, to conduct a minimization analysis, and to satisfy yourself that the non-pertinent communications do not contain exculpatory information. To the extent you identify specific, non-pertinent communications that you believe may contain *Brady* material, we are happy to address those on a case-by-case basis. *See United States v. Caro-Muniz*, 406 F.3d 22, 29 (1st Cir. 2005) ("*Brady* does not permit a defendant to conduct an *in camera* fishing expedition through the government's files") (internal quotation omitted); *see also United States v. Rose*, 11-10062-NMG, 2012 WL 1744757, at *4 (May 16, 2012) (holding that a "defendant must make some showing that the [purported *Brady*] material in question could contain favorable, material evidence," and "[t]hat showing cannot be based on speculation") (internal quotations omitted).

Finally, as you are aware, Title III does not apply to consensual recordings. *See* Title 18, United States Code, Section 2511(c)(2). Neither log sheets nor logs are required for consensual recordings. To the extent there are any notes concerning such recordings, Fed. R. Crim. P. 16(a)(2) provides that they are not subject to disclosure.

### PROGRESS REPORTS

Progress reports are not discoverable under Rule 16. *See, e.g., United States v. Roybal*, 46 F. Supp. 3d 1127, 1148 (D.N.M. 2014) (collecting cases denying discovery requests for wiretap progress reports and related materials); *see also United States v. Pray*, 734 F. Supp. 2d 158, 160 (D.D.C. 2010); *United States v. Wilkerson,* 189 F.R.D. 14, 16 (D. Mass. 1999) ("Rule 16(a)(2) acts as a prohibition against compelled discovery of 'reports, memoranda, or other internal government documents' even if they could initially be categorized as 'material to the preparation of the defendant's defense' as that term is used in Rule 16(a)(1)(C).").

### TITLE III-RELATED EVIDENCE

Your request also seeks evidence that "existed at the time that the Title III Orders were sought to support the expectation that evidence relevant to a District of Massachusetts criminal conduct would likely result from the interceptions of Singer's cellphone etc." As you know, a district court's authority to issue a wiretap order extends to telephones within and outside the district, provided the listening post is within the district, which it was here. *See* Title 18, United States Code, Section 2518(3); *Dahda v. United States*, 138 S. Ct. 1491 (2018). In any event, the government has produced the Title III applications, supporting affidavits, and orders. The affidavit identifies multiple criminal acts within or directed at the District of Massachusetts. These materials are sufficient for the defendants to assess the validity of the Title III orders. *See United States v. Ashley*, 876 F.2d 1069, 1072 (1st Cir. 1989) (sufficiency of wiretap affidavit determined from face of wiretap affidavit); *see also United States v. Orozco*, 108 F.R.D. 313 (S.D. Cal. 1985) ("The applications for orders authorizing interception are the best sources of information to bolster an argument that the government lacked initial cause to seek such orders."); *see also Rose,* 2012

WL 1744757, at *3 (holding that the applications and orders best information to challenge a wiretap order).

\* \* \*

If, after reviewing the discovery previously provided and discussed herein, you continue to have questions, we would be happy to discuss those further. In the meantime, we reiterate our request for reciprocal Rule 16 discovery.

        Sincerely,

        ANDREW E. LELLING
        United States Attorney

By:    */s Justin D. O'Connell*
        Eric S. Rosen
        Justin D. O'Connell
        Kirsten A. Kearney
        Leslie A. Wright
        Assistant U.S. Attorneys