*MARTIN G. WEINBERG, P.C.*
*ATTORNEY AT LAW*

*20 PARK PLAZA, SUITE 1000*
*BOSTON, MASSACHUSETTS 02116*

*(617) 227-3700*

*FAX (617) 338-9538*

*NIGHT EMERGENCY:*
*(617) 901-3472*

*EMAIL ADDRESSES:*

*owlmcb@att.net*
*owlmgw@att.net*

December 19, 2019

**Via Electronic Mail**
Eric Rosen
Justin O'Connell
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
eric.rosen@usdoj.gov
justin.O'Connell@usdoj.gov

RE: <u>USA v. Zangrillo; 19-CR-10080-19</u>

Dear Eric and Justin:

This letter is to request that you provide the defense (myself as well as my co-counsel) with any information, documents and/or evidence that:

1. Robert Zangrillo did not personally review or submit his daughter Amber Zangrillo's February 2018 transfer application to the University of Southern California ("USC");

2. Rick Singer, Mikaela Sanford, and/or someone working in concert with them completed and/or submitted the February 2018 application to USC and/or any prior application to Boston University or USC;

3. Rick Singer and/or someone working in concert with him had access to Amber Zangrillo's Common Application Account at the time applications were sent to Boston University and/or USC;

4. Rick Singer did not speak with the USC crew coach regarding Amber Zangrillo;

5. The USC crew coach did not assure Rick Singer that Amber Zangrillo would be admitted to USC;

6. Rick Singer was not informed by Donna Heinel that Amber Zangrillo would seek admission to USC as an athlete or rower;

7. Robert Zangrillo was informed by Rick Singer that some or all of the money he was asked to send to the Key in relation to Amber Zangrillo's admission would be donated to USC

either directly by Singer or indirectly as directed by Donna Heinel;

8. Robert Zangrillo was never informed by Rick Singer or anyone working in concert with him that he was paying Donna Heinel a monthly sum of money;

9. USC knew that Donna Heinel and/or the Athletics Department was advocating to admit students who were not student athletes other than the documents provided to the government as reciprocal discovery; and

10. Robert Zangrillo was informed by Rick Singer or any other KWF agent or employee that KWF was a legitimate 501(c)(3).

Each of the foregoing items constitutes exculpatory and/or impeachment evidence because it undermines the government's allegation that Robert Zangrillo conspired to intentionally submit a fraudulent college application, establishes that Rick Singer lied to Mr. Zangrillo regarding the circumstances of his daughter's admission to USC, and supports a defense that Mr. Zangrillo's daughter was admitted to USC via a lawful and well-established university process. Accordingly, the requested disclosure is required by Due Process, as well as applicable Local Rules. I would appreciate your considering whether the practice most consistent with Rule 16, the Local Rules, *Brady v. Maryland*, and *Giglio v. United States* is to make a full disclosure of the foregoing information.

        Yours Truly,

        Martin G. Weinberg, Esq.
        Matthew L. Schwartz, Esq.
        Nicholas Theodorou, Esq.