

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*　　　　　　　　　　*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 21, 2020

**VIA E-MAIL**

Martin G. Weinberg, Esq.
Law Office of Martin G. Weinberg, Esq.
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116

　　　　Re:　　*United States v. Zangrillo*, No. 19-cr-10080-NMG

Dear Marty:

　　　　We write in response to your letter, dated December 19, 2019, requesting "any information, documents and/or evidence" concerning ten categories listed therein which you assert "constitutes exculpatory and/or impeachment evidence."

　　　　As an initial matter, the applicable rules do not provide for the production of impeachment evidence at this time. To the extent your requests seek statements subject to production under *Giglio* or the Jencks Act, we will produce those materials as required under the Local Rules.

　　　　Likewise, "[t]he government is primarily responsible for deciding what evidence it must disclose to the defendant under *Brady*." *United States v. Prochilo*, 629 F.3d 264, 268 (1st Cir. 2011). Having reviewed your requests, we do not agree that the information you seek—to the extent it exists—is exculpatory. As just one example, whether Rick Singer actually spoke to the crew coach regarding Amber Zangrillo is irrelevant to the question whether your client agreed to participate in the charged conspiracies. Likewise, whether the coach in fact assured Singer that Amber Zangrillo would be admitted to USC is irrelevant to your client's state of mind.

　　　　Notwithstanding the foregoing, to the extent the government is in possession, custody or control of documents, emails or recordings responsive to your requests, we have produced those to you, with the exception of materials responsive to the search of your client's e-mail account, which we expect to produce by the end of this month. Additionally, the government has re-reviewed the FBI 302 reports of witness interviews with your requests in mind. The reports do not contain exculpatory information responsive to your requests. With respect to Request 7, while we do not believe the following is exculpatory, we are disclosing it to you in an abundance of

caution: Singer has advised the government, in sum and in substance, that parents who pursued the "side door" to USC typically understood that Heinel instructed Singer where to send the funds they provided to KWF.

The government is aware of the continuing nature of its discovery obligations and will continue to make additional disclosures as required.

        Sincerely,

        ANDREW E. LELLING
        United States Attorney

By:   */s/ Kristen A. Kearney*
      Eric S. Rosen
      Justin D. O'Connell
      Kristen A. Kearney
      Leslie A. Wright
      Assistant U.S. Attorneys

cc:   Matthew L. Schwartz, Esq.
      Nicholas Theodorou, Esq.