UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
                                              )
UNITED STATES OF AMERICA                      )
                                              )
            v.                                )
                                              )          CRIMINAL NO. 19-10080
                                              )
DAVID SIDOO, et al                            )
            Defendants                        )
                                              )
_____)

**DEFENDANT ROBERT ZANGRILLO'S SUR-SUR-REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR PRODUCTION OF EXCULPATORY EVIDENCE
REGARDING TITLE III INTERCEPTIONS AND CONSENSUAL RECORDINGS AND
FOR OTHER APPROPRIATE RELIEF**

Now comes the Defendant Robert Zangrillo, by and through undersigned counsel, and

hereby respectfully submits this Sur-Sur-Reply in support of Defendants' Motion for Production of

Exculpatory Evidence Regarding Title III Interceptions and Consensual Recordings.[1]

Contrary to the government's representations in its Sur-Reply, the non-produced Title III

communications include some calls and text messages that are undeniably relevant and/or

exculpatory, including:

- Text messages regarding possible tutoring for Mr. Zangrillo's daughter. *See* Sessions
  232, 234, and 236.

- A call in which Singer discusses "getting a client's daughter into Harvard or Stan[]ford
  using diving." Session 2392. The student is a gymnast, but Singer "told her" to "use
  diving[] because there's not enough divers." *Id.* Singer and the other call participant
  discuss training the student to be a diver.

_____
[1] This motion was joined by fifteen defendants.

1

- A series of calls in which Singer discusses his ▮▮ lying to get out of jury duty. Singer's ▮▮ had "told the Jury Duty people that he will be out of the country for Seminary reasons."  Session 601.  In fact, Singer's ▮▮ was "leaving . . . to go on vacation with his family in the Bahamas."  *Id.*  Singer responded that his ▮▮ "excuse for Jury Duty was perfect."  *Id.*  Singer's ▮▮ "said that he will wear his priest collar to Jury Duty so that they believe him."  *Id.*  Singer "said that he should get a collar and laughed."  *Id.* Singer's ▮▮ replied "no, that was a really bad idea."  *Id.*  Singer subsequently spoke to his brother "about Jury duty and how it is bull shit.  They talk[ed] about how if you don't personally get served they can't prove that you received it."  Session 916.

Similar evidence is likely to be found in the non-produced consensually recorded communications, with respect to which the Defendants have not received any log or other means of identifying potentially relevant calls and messages.

For the foregoing reasons, as well as those set forth in Defendants' opening motion and reply, Mr. Zangrillo respectfully requests that this Honorable Court Order the government to produce all of the non-disclosed and non-minimized Title III and consensually recorded audios and text messages, or alternatively engage in an *in camera* review of those communications to determine whether they constitute exculpatory evidence.

Respectfully Submitted,
ROBERT ZANGRILLO
By His Attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg, Esq.
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Dated: February 6, 2020

2

## <u>CERTIFICATE OF SERVICE</u>

I, Martin G. Weinberg, hereby certify that on this date, February 6, 2020, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**<u>/s/ Martin G. Weinberg</u>**
Martin G. Weinberg, Esq.