**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SIDOO, *et al.*,<br><br>           Defendants. | Case No. 1:19-CR-10080-NMG |

**ASSENTED-TO MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO SEVER, PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 8, 12(B)(3)(B)(I), (IV), AND (V), 12(B)(3)(D), AND 14**

     Defendant Elisabeth Kimmel respectfully moves for permission to file a memorandum exceeding the page limit prescribed in the Local Rules in support of all defendants' forthcoming Joint Motion to Dismiss, or in the Alternative, to Sever, Pursuant to Federal Rules of Criminal Procedure 8, 12(b)(3)(B)(I), (IV), 12(B)(3)(D) and 14. Specifically, Mrs. Kimmel seeks to file a consolidated memorandum not to exceed thirty-five pages in length. As grounds for this motion, Mrs. Kimmel states as follows:

     1.     Additional pages are necessary because, in the interest of judicial economy and the most efficient presentation of the issues, the defendants have consolidated three distinct motions that share a common core. The critically important issues presented by these three motions—to dismiss the indictment for impermissibly joining all defendants in a single conspiracy, thereby joining multiple offenses into a single count; to dismiss the indictment for misjoinder; and in the alternative, to sever the defendants—warrant detailed analysis and discussion that require

additional pages. A page limit of fewer than thirty-five pages would frustrate the defendants' ability to present fully these issues and arguments that directly attack the foundation of the Fourth Superseding Indictment.

2. Additional pages are also necessary because the Motion to Dismiss, or in the Alternative, to Sever, will be brought on behalf of all the defendants and discuss issues relevant to all the defendants in this case. The defendants would be prejudiced should they be unable to present this omnibus motion in full that addresses issues affecting the fundamental rights of all the defendants.

3. Counsel has conferred with counsel for the government regarding the requested relief. The government assents to this Motion.

## CONCLUSION

Accordingly, the Mrs. Kimmel respectfully requests that the Court grant her motion for leave to file a memorandum in support of defendants' Joint Motion to Dismiss, or in the Alternative, to Server, not to exceed 35 pages.

Respectfully submitted,

/s/ *Eóin P. Beirne*
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
Cory S. Flashner (BBO # 629205)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 348-1707 (telephone)
(617) 542-2241 (fax)
ebeirne@mintz.com

**Counsel for Elisabeth Kimmel**

DATED: March 25, 2020

## RULE 7.1 CERTIFICATION

Undersigned counsel certifies that, on March 25, 2020, he conferred with counsel for the government, and the government assents to this Motion.

/s/ *Eóin P. Beirne*
Eóin P. Beirne

## CERTIFICATE OF SERVICE

I, Eóin P. Beirne, counsel for the Defendant, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF, and paper copies will be sent to those indicated as non-registered participants on March 25, 2020.

/s/ *Eóin P. Beirne*
Eóin P. Beirne