# EXHIBIT F



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*  *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 27, 2019

<u>**VIA E-MAIL**</u>
Brian Kelly, Esq.
Nixon Peabody LLP
53 State Street
Boston, MA 02109-2835

  Re: *United States v. Gamal Abdelaziz,*
    <u>No. 19-cr-10080-NMG</u>

Dear Mr. Kelly:

  As we have indicated to you under separate cover, we have re-reviewed the FBI 302 reports of witness interviews in this case and – although we do not believe that any of the information set forth below is exculpatory – we are disclosing it to you in an abundance of caution.

- Rick Singer has advised the government, in sum and in substance, that: (a) of the $300,000 that Abdelaziz wired to KWF, Singer was going to pay $200,000 to Donna Heinel and keep $100,000 in KWF; (b) ▬ Abdelaziz played basketball, but, for purposes of facilitating her admission to the University of Southern California ("USC"), Singer made her appear to be a better player than she was; (c) Singer charged Abdelaziz more than he typically charged parents for the USC side door, because ▬ Abdelaziz's poor academic record made it more difficult for Heinel to secure her admission through the sub-committee process; (d) Abdelaziz knew from Singer that his payment would go to someone at USC who, in exchange for the money, would facilitate his daughter's admission to USC; (e) Singer told Abdelaziz that the money would be directed to a USC program associated with the individual at USC who helped get his daughter admitted to the university; (f) Singer subsequently agreed with Heinel to redirect a total of $400,000 to Heinel personally, in monthly installments of $20,000, in exchange for her assistance in securing the admission of Abdelaziz's daughter and the children of Singer's other clients; and (g) half of the agreed-upon $400,000 payment was for Heinel's assistance with Abdelaziz's daughter.

2

      We are aware of the continuing nature of our discovery obligations, and we will continue to make additional disclosures as required. We reiterate our request for reciprocal Rule 16 discovery.

                                           Sincerely,

                                           ANDREW E. LELLING
                                         United States Attorney

                              By:  */s/ Kristen A. Kearney*
                                       ERIC S. ROSEN
                                       JUSTIN D. O'CONNELL
                                       KRISTEN A. KEARNEY
                                       LESLIE A. WRIGHT
                                       Assistant U.S. Attorneys