# EXHIBIT L

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.

One Financial Center

Boston, Massachusetts 02111

R. ROBERT POPEO
CHAIRMAN

Direct Dial 617 348 1716
rrpopeo@mintz.com

617-542-6000
617-542-2241 fax
www.mintz.com

February 28, 2020

Eric S. Rosen
United States Attorney's Office
John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

Re:   February 26, 2020 Government Disclosure re Singer's Notes – USA v. Sidoo
      (18-cr-10080-NMG)

Dear Eric,

At yesterday's status conference, the Court ordered the defendants to submit a motion to dismiss, for suppression of evidence, and/or for sanctions on or before March 13, 2020 related to the serious issues raised by the government's disclosure of Singer's notes from his iPhone ("Singer Notes"). On behalf of all defendants, in order to adequately respond to that order, defendants require that the government produce the following materials and respond to the following requests immediately, and no later than March 3, 2020:

1. All consensual audio recordings of any conversations Singer had with the government, including but not limited to any audio recordings of any conversations between Singer and any government agent on or about October 2, 2018.

2. All of the 302s or any other government reports ("Reports") and underlying notes for any conversation any government agent had with Singer, from the time he started cooperating to the present, including any notes or Reports regarding debriefings with or of Singer during the time period of the consensual recordings and any instance(s) in which Singer failed to record any conversation (including any conversations using FaceTime or Skype) during the time period of the consensual recordings.

3. Any and all documents reflecting the creation of a taint team to review the Singer Notes for privilege, the identities of the members of the taint team, the date the taint team received the notes for review, the date the taint team returned any portions of the notes to the prosecution team as non-privileged.

| BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON |
|---|---|---|---|---|---|---|---|
| 617-542-6000 | +44 20 3868 6112 | 310-586-3200 | 212-935-3000 | 858-314-1500 | 415-432-6000 | 203-388-8464 | 202-434-7300 |
| 617-542-2241 FAX | +44 20 7900 3056 FAX | 310-586-3202 FAX | 212-983-3115 FAX | 858-314-1501 FAX | 415-432-6001 FAX | 203-658-1701 FAX | 202-434-7400 FAX |

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

February 28, 2020
Page 2

4. Any and all documents reflecting or, if no document exists, information reflecting the date Singer was arrested and the date Singer began cooperating with the government.

5. To the extent it is not apparent from the Reports to be produced, the names of the participants in each and every call between Singer and any government agent including the call that occurred on or about October 2, 2018.

6. To the extent it is not apparent from the Reports to be produced, the names of any and all individuals present during any and all meetings and/or calls between September 21 and October 2, 2018 between any government agent and Singer including the meeting that occurred in a hotel room which Singer described in his October 2, 2018 note: "Liz raised her voice to me like she did in the hotel room about agreeing with her that everyone Bribed the schools."

7. Any Report of an interview of "Liz" regarding the accuracy of the information contained in the Singer Notes.

8. The name(s) of the individual(s) who first saw Singer's notes from October 2, 2018.

    a. The name(s) of the individual(s) from the government who became aware of the existence and substance of Singer's October 2, 2018 notes.

    b. The name(s) of the individual(s) who made the determination that Singer's October 2, 2019 notes were privileged.

    c. The factual information the individual(s) identified above relied upon to make that privilege determination.

    d. The name(s) of the individual(s) who saw Singer's October 2, 2018 notes or otherwise learned of them before the government made the conclusion that they were privileged.

9. The reason(s) why the taint team did not start reviewing Singer's notes from his iPhone until a year after the government made the initial determination that Singer's iPhone notes were privileged.

10. The reason(s) why the taint team took until February 26, 2020 to complete its privilege review of Singer's iPhone notes and produce them to the defendants.

11. The phone numbers of any devices Singer has used or currently uses.

12. The Grand Jury transcripts of any testimony in which Singer testified that his clients' payments constituted bribes or were understood by his clients to be bribes.

February 28, 2020
PAGE 3

13. The dates of all communications, and notes of any such communications, through the present, between any government agent and any lawyer for Singer regarding whether there was a claim of privilege over Singer's notes.

14. Any and all correspondence exchanged, through the present, with any lawyer for Singer regarding whether there was a claim of privilege over Singer's notes.

15. We again request, as we did in our letter of October 11, 2019, and the February 19, 2020 letter from Nixon Peabody that the government provides a full extraction of Singer's iPhone or any other mobile device Singer used during the relevant time-period with the metadata intact.

16. Confirm if Singer's phone contained any other messaging applications (such as WhatsApp or Signal) and that the government has reviewed the contents of those applications and has made all required disclosures.

17. Please confirm if the government returned Singer's iPhone or any other mobile device to him, if the device(s) were imaged, and describe the method used to image the device(s).

Sincerely,

/s/ Bob

R. Robert Popeo

cc: All counsel of record in *Untied States v. Sidoo* (19-cr-10080)