# EXHIBIT M



Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
617.720.2880 ph.
617.720.3554 fx.
www.dcglaw.com

George W. Vien
gwv@dcglaw.com

March 13, 2020

VIA EMAIL

Karin Bell
United States Attorney's Office
District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

      Re:    United States v. David Sidoo, et al
                19-CR-10080-NMG

Dear Karin:

      I'm writing in response to your letter of March 9, 2020 in which you provided a chronology relating to the discovery and production of exculpatory information contained on Mr. Singer's telephone. I request you provide the following additional information:

**I.**     **Taint Procedures**

      A.    Why did the USAO assign a taint AUSA on October 9, 2018?

      B.    If AUSAs O'Connell and Rosen believed that Singer's notes were privileged on or around October 28, 2018, why didn't they send those potentially privileged materials to the taint AUSA? Why were the potentially privileged materials not made available to the taint AUSA for review until August 21, 2019?

      C.    After the notes were made available to the taint AUSA on August 21, 2019, why did he not begin to review the phone until February 19, 2020?

      D.    Why was AUSA Rosen not walled off from the taint team? Was anyone else on the prosecuting team not walled off from the taint team?

      E.    Why were the AUSAs prosecuting the case reviewing the phone on October 28, 2018 when a taint AUSA had been assigned 19 days earlier?

Karin Bell
United States Attorney's Office
March 13, 2020
Page 2

**II.** **Emails about Singer's Notes**

    A.    Which portions of the notes did AUSA O'Connell review on October 28, 2018? Which portion of the notes did AUSA O'Connell include in his email to AUSA Rosen and the case agents? What did he say about the notes? How did AUSA Rosen and/or the agents respond?

    B.    Which portion of the notes did the "contract attorney working on the investigation" report to AUSAs Rosen and O'Connell at around the same time? Who is the contract attorney who worked on the investigation? What did the contract attorney say about the notes? How did AUSAs Rosen and/or O'Connell respond?

**III.** **Privilege Basis**

    A.    What was the basis for the government's determination that the notes may be privileged, despite the consent to search, and confirmation from Singer's attorney that the phone could be searched without a taint protocol?

           1.    What "portion" of the notes led the government to this conclusion?

    B.    Was there any communication between the Government and Singer's attorney that led to AUSA Rosen's February 1, 2020 e-mail to the taint AUSA, "copying Singer's attorney and AUSA O'Connell, stating that Singer's attorney would redact privileged portions of the Singer Notes and send them back in redacted form?" If there was such communication, when did it occur and what was communicated?

    C.    Why did the government ask Singer's attorney on October 9, 2018 to confirm that it could search the 8802 phone without a taint protocol if it did not treat Singer's consent to search the phone as a waiver of Singer's attorney-client privilege?

    D.    When and how did the USAO learn that the "notes" were "directed to" Singer's lawyer? When and how did the USAO learn that the "notes" were sent to Singer's lawyer? When and how did Singer's lawyer claim privilege over the notes?

    E.    Did anyone on the prosecution team discuss with Singer or his attorney whether Singer's October 5, 2018 consent to searches of his phone implied a waiver of his attorney-client privilege? Did anyone on the prosecution team discuss with Singer or his attorney whether Singer's October 11, 2018 agreement that the government could search the 8802 phone without a taint protocol implied a waiver of his attorney-client privilege? If so, when?

Karin Bell
United States Attorney's Office
March 13, 2020
Page 3

      F.    What led to the execution of the privilege waiver on February 24, 2020?

**III. Investigation**

      A.    What did AUSA Rosen do to follow-up on AUSA O'Connell's email on October 28, 2018? Who did Rosen communicate with about Singer's notes?

      B.    Which supervisors did AUSAs Rosen and O'Connell (and other members of the prosecution team) consult about whether to disclose, investigate and otherwise follow up on Singer's notes? What feedback did those supervisors provide?

      C.    Did AUSA Rosen or anyone else on the prosecution team take any steps to investigate the misconduct described in Singer's notes? What steps were taken?

      D.    Has anyone on the prosecution team spoken to Singer or his attorney about the misconduct Singer described in his note? If so, please provide the date of the discussion and a description of it.

**IV. Production Requests**

      A.    Please provide all USAO emails referencing Singer's "Oct 2" notes, including the emails referenced in item 7 of your letter and footnote 2 of your letter.

      B.    Please provide any written communications between the Government and Singer's attorney related to Singer's phone, including the assertion of privilege over the contents of Singer's phone.

      C.    Please provide any memorializations of communications between Singer's attorney and anyone on the prosecution team regarding Singer's phone, including the assertion of privilege over the contents of Singer's phone.

      D.    Please provide any documentation supporting item 8 of your letter, i.e., that AUSAs Rosen and O'Connell believed that the notes may be privileged.

Karin Bell
United States Attorney's Office
March 13, 2020
Page 4

    E.    Please provide all correspondence among AUSA Rosen and the taint AUSA Looney and AUSA Strachan regarding Singer's phone.

Thank you.

                                              Very truly yours,

                                              George W. Vien

GWV/lam
cc:  All counsel of record in *United States v. Sidoo* (19-cr-10080)