United States District Court
District of Massachusetts

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 19-10080-NMG |
| **Sidoo et al,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In June, 2019, United States Magistrate Judge Page Kelley allowed the motion of Defendant Robert Zangrillo ("Zangrillo") to serve a subpoena on non-party University of Southern California ("USC") pursuant to Fed. R. Crim. P. 17(c). In aid of his defense, Zangrillo sought discovery of materials concerning USC's admissions process. Specifically, Zangrillo sought information related to the so-called "tagging" of applicants as VIPs or of "special interest".

USC moved to quash the subpoena and several months of turgid litigation followed with respect to what material USC would or would not provide and what level of redaction was appropriate. On March 3, 2020, Magistrate Judge Kelley ordered USC to "provide Zangrillo all materials produced to date, unredacted." On March 18, 2020, USC filed with this session of

-1-

the Court a Motion of Objection and Motion to Modify the Magistrate Judge's order.

The facts and history surrounding this dispute are provided in detail in Magistrate Judge Kelley's order, with which the Court assumes familiarity.

I. **Motion to Modify Order**

USC seeks to have this Court modify the Magistrate Judge's Order to allow for the redaction of personal information of applicants referenced in the documents to be provided by USC. USC claims that allowing defendant Zangrillo access to such unredacted, personal information would unduly and unnecessarily violate student privacy in general and The Family Educational Rights and Privacy Act in particular.

As discussed by the Magistrate Judge in her order, an element of Zangrillo's purported defense is that his daughter was admitted to USC as part of a legitimate application process whereby she was designated as a VIP. To bolster his understanding of the procedure and to support that argument, Zangrillo has sought, and obtained, documents from USC relating to the admissions process. He maintains that the redactions interposed in those documents impinge upon on his right to mount a defense and that concerns about student privacy are sufficiently addressed by the Confidentiality Order already in place in this case.

This Court is cognizant that the documents in question are relevant to Zangrillo's potential defense and that previous USC redactions were correctly determined to be "unworkable" by the Magistrate Judge. The Court is, however, sensitive to the privacy concerns of student applicants for admission to USC who are entirely devoid of any involvement in this criminal case. Finally, the Court is aware of the necessity for the expeditious resolution of this discovery dispute in order to facilitate the pretrial schedule in this multi-defendant criminal proceeding.

The Court will, therefore, amend the Magistrate Judge's order so that pseudonyms may be substituted for individual student names instead of the former redaction. The applicants who are referred to in the documents provided by USC may be assigned alphanumeric identifiers so that defendant Zangrillo may obtain full access to the so-called VIP admissions process without actual identification of individual student applicants. All student applicants will retain the same identifiers across documents so that defendant Zangrillo will be able to track the process with respect to each applicant. For instance, applicant John Doe may be referred to as "S-149" in all documents in which his name appears. If his parents are referred to in the same document or elsewhere, they would be referred to as "S-149's" mother or father.

Consistent with this ruling, USC will also be allowed to

redact the street addresses and other specific identifying information of those anonymous student applicants, but all other biographical, academic and supplementary information will not be redacted and the Magistrate Judge's order will remain otherwise unaltered.  Furthermore, all of the provisions of the Confidentiality Order remain in full force and effect.

Because of the discovery deadlines in the pending criminal case, the necessary adjustments to the documents and records to be produced by USC shall be completed and produced on or before Friday, April 24, 2020, in default of which USC shall produce such documents and records unredacted and subject to the pending Confidentiality Order.

**ORDER**

The non-party motion of USC to modify the order on defendant Zangrillo's Rule 17(c) subpoena (Docket No. 950) **is ALLOWED, in part, and DENIED, in part**. The Magistrate Judge's Order regarding the Rule 17(c) subpoena (Docket No. 913) is modified to allow the replacement of all student applicant names with anonymous identifiers and the redaction of student applicants' street addresses. USC's objection to that Order is otherwise **OVERRULED**.

**So ordered.**

                                                <u>/s/ Nathaniel M. Gorton</u>
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated April 8, 2020