# Exhibit 4

Case 1:19-cr-10080-NMG   Document 1200-4   Filed 05/15/20   Page 2 of 11

03/10/2006 15:00 FAX 956 269 6484   US ATTORNEY'S OFF. KANSAS   Case 6:05-cr-10197-MLB   Document 19   Filed 03/14/06   Page 1 of 10   ☒002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
U.S. DISTRICT COURT
DISTRICT OF KANSAS

MAR 14  11 47 AM '06

RALPH L. DELOACH
CLERK
BY _____ DEPUTY
AT WICHITA, KS.

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| v. | } No. 05-10197-01-MLB |
| LYLES LASHLEY, | } |
| Defendant. | } |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Debra L. Barnett, and Lyles Lashley, the defendant, personally and by and through defendant's counsel, James Turner, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

**1.     Defendant's Guilty Plea.**     The defendant agrees to plead guilty to Count 3 of the First Superseding Indictment charging a violation of Title 18, United States Code, § 666, that is, theft concerning programs receiving federal funds. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count 3 of the First Superseding Indictment to which the defendant has agreed to plead guilty is not more than 10 years of imprisonment, a $250,000.00 fine, three years of supervised release, $152,812.00 restitution and a $100.00 mandatory special assessment. The United States agrees that at the time of sentencing it will move for dismissal of the remaining counts of the Indictment and the First Superseding Indictment.

2.  **Factual Basis for the Guilty Plea.**    The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> Barton County Community College (BCCC) was and is a community college
> located in Great Bend, Kansas. BCCC is an organization and agency that
> received, in any one year period (2002 through 2005), benefits in excess of
> $10,000.00, from a federal program involving a grant, contract, subsidy and other
> form of federal assistance.
>
> The defendant, Lyles Lashley, was employed as the assistant or head track
> coach/instructor at BCCC from May of 2002 through 2006. The defendant's
> duties included coaching the track team, teaching courses, serving as an academic
> advisor to student athletes and supervision of student athletes participating in the
> campus and federal work study programs.
>
> The Federal Work Study Program (FWS Program) was established under Title IV
> of the Higher Education Act of 1965. Administered by the Department of
> Education (DOE), the FWS Program provides a federal subsidy of all, or part of,
> the monies paid to students for employment during the periods they attend a
> qualified institution.
>
> BCCC entered into an agreement with the Secretary of the DOE that allowed it to
> become a designated institution under the FWS Program. As such, it was
> subsidized with federal funds allowing it to provide compensation to qualified
> students that BCCC employed under the FWS Program. Under the agreement, all
> payments to qualified students were to be made for work actually performed by the
> students, and proper documentation was to be maintained for all such work and
> compensation.
>
> BCCC also had a campus work study program which was subsidized by funds
> from sources other than the federal government. This program allowed BCCC to
> provide compensation to qualified students that BCCC employed under its
> campus work study program. It was a requirement of BCCC that all payments to
> qualified students were to be made for work actually performed by the students,
> and proper documentation was to be maintained for all such work and
> compensation.
>
> The defendant was authorized by BCCC to designate student athletes for
> employment under the FWS Program and the campus work study program. It was
> part of the defendant's duties and responsibilities to supervise the work of these
> student athletes and to maintain proper documentation of the work they
> performed.

2

Case 1:19-cr-10080-NMG   Document 1200-4   Filed 05/15/20   Page 4 of 11

03/10/2006 15:02 FAX 056 248 8994 MLB    Case 3:05-cr-08-994-MLB   Document 19   U.S. ATTORNEY'S OFFICE   Filed 03/14/06   Page 3 of 10   ☒004

This documentation included time sheets that were prepared to reflect the date and hours worked by the student athlete. These time sheets were to be completed honestly and signed by the appropriate student athlete and the appropriate supervisor, who in many instances was the defendant.

There were student athletes that were designated to participate in the FWS Program and campus work study program at BCCC under the supervision of the defendant. Time sheets were prepared and submitted for each of these students representing that the student athlete performed work on specific dates and times and was entitled to compensation under the FWS Program and/or the campus work study program. The defendant did not require these student athletes to work as represented on the time sheets.

Despite the failure of these student athletes to perform work under the FWS Program and the campus work study program, the defendant knowingly and willfully, prepared and submitted (or approved the preparation and submission) of time sheets which falsely represented that student athletes performed work as part of these programs and, as such, were entitled to be paid with federal funds provided to BCCC pursuant to the agreement with DOE or other funds (for campus work study). The value of the campus work study program funds misapplied, embezzled, obtained by fraud and converted without authority to the use of another, for the time period of September 23, 2002, and continuing through March 19, 2005, was $18,986.00. The value of the FWS Program funds misapplied, embezzled, obtained by fraud and converted without authority to the use of another, for the time period of September 23, 2002, and continuing through March 19, 2005, was $133,826.00.

These funds were provided and insured under Subchapter IV of Chapter 28 of Title 20, United States Code, and part C of Subchapter I of Chapter 34 of Title 42, United States Code.

3. **Application of the Sentencing Guidelines.** The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a

3

Case 1:19-cr-10080-NMG   Document 1200-4   Filed 05/15/20   Page 5 of 11

03/10/2006 15:03 FAX 936 269 6494   Case 6:05-cr-10197-MLB   Document 19   Filed 03/14/06   Page 4 of 10   US ATTORNEY'S OFF. KANSAS   ☒005

preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

4.  **Relevant Conduct.**   The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the Indictment and the First Superseding Indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense levels for Count 3, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.  **Government's Agreements.**   In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

> a.  To not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment and First Superseding Indictment;
>
> b.  To recommend a sentence at the low end of the applicable guideline range;
>
> c.  To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty. However, the government's obligation concerning acceptance of responsibility is

4

> contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching this agreement;
>
> d. To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure.

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Defendant's Agreements.** The defendant agrees to cooperate fully and truthfully with the United States as follows:

5

    a.    Defendant agrees to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

    b.    Defendant agrees to provide all information concerning the defendant's knowledge of, and participation in, the offenses charged in the indictment and all related conduct;

    c.    Defendant agrees that if the United States determines the defendant has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this plea agreement and his sentencing, or has otherwise violated any other provision of this plea agreement, [or has violated the terms and conditions of his release while on bond as required by the Court,] the plea agreement may be voided and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the defendant during the course of the defendant's cooperation, or upon leads derived therefrom, and this information may be used as evidence against the defendant. In addition, the defendant's previously entered plea of guilty will remain in effect and cannot be withdrawn;

    d.    Defendant agrees to fully and completely assist the United States in the identification and recovery of forfeitable assets, either domestic or foreign, which have been acquired directly or indirectly through the unlawful activities of the defendant, co-defendants, and/or co-conspirators and further agrees to not contest any forfeiture proceedings.

    7.    **Substantial Assistance.**    The defendant acknowledges that substantial assistance has not yet been provided by the defendant within the meaning of U.S.S.G. § 5K1.1 and Title 18, United States Code § 3553(e). Upon the determination by the United States the defendant has provided substantial assistance, the United States shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and/or sentencing guidelines pursuant to Title 18, U.S.C. § 3553(e), Title 28, U.S.C. § 994(n), and U.S.S.G. § 5K1.1.

8. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

9. **Information Provided by Defendant.** The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

10. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

11. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The burden of establishing an inability to pay the required special assessment lies with the defendant.

7

12. **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

13. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

14. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

16. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further

9

Case 1:19-cr-10080-NMG   Document 1200-4   Filed 05/15/20   Page 11 of 11

03/10/2006 15:07 FAX 916 269 6464   Case 6:05-cr-10197-MLB   Document 19   US ATTORNEY'S OFF/KANSAS   Filed 03/14/06   Page 10 of 10   @011

understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_[signature]_                                Date: 3-14-06

Debra L. Barnett
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
Ks.S.Ct. #12729

_[signature]_                                Date: 3-14-06

Lanny D. Welch
Criminal Chief/Supervisor

_[signature]_                                Date: 3-13-06

Lyles Lashley
Defendant

_[signature]_                                Date: March 13, 06

James D. Turner
Attorney for Defendant Lashley
212 N. Market, Suite 102
Wichita, Kansas 67202
316-263-3220
Ks.S.Ct.#07540

10