UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                             )<br>)<br>DAVID SIDOO, *et. al.*,                  )<br>)<br>)<br>Defendants                     ) | Criminal No.: 19-10080-NMG |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE SECOND SENTENCE OF PARAGRAPH 119 AND ALL OF PARAGRAPH 121 FROM THE FOURTH SUPERSEDING INDICTMENT (DKT. 1244)**

The defendants have moved, pursuant to Federal Rule of Criminal Procedure 7(d), to strike the second sentence of paragraph 119 and all of paragraph 121 from the Fourth Superseding Indictment ("FSI" or the "Indictment") based on their contention that these allegations are irrelevant and highly prejudicial. *See* Dkts. 1244, 1245. In fact, the allegations in paragraphs 119 and 121 are overt acts committed in furtherance of the conspiracies charged in Counts One, Two, and Three of the Indictment. Accordingly, and as set forth more fully below, the defendants' motion is without merit and should be denied.

**RELEVANT BACKGROUND**

Count One of the Indictment charges the defendants with conspiracy to commit mail and wire fraud and honest services mail and wire fraud. In short, the Indictment alleges that the defendants engaged in a conspiracy to secure their children's admission to elite colleges and universities through fraud and bribery. The manner and means of the conspiracy included falsifying their children's college applications in order to portray them as elite athletes and bribing college athletic coaches and administrators, including through purported donations to their programs, to designate the children as purported athletic recruits based on those phony credentials. Count Two charges nine of the remaining defendants with conspiracy to commit federal programs

bribery.  Count Three charges the defendants with conspiracy to commit money laundering for funneling bribe and other payments in furtherance of the conspiracy through entities operated by a co-conspirator, William "Rick" Singer, in order to conceal the nature, source, and purpose of the payments.

Paragraphs 119 through 121 of the Indictment, as set forth below, allege acts in furtherance of the fraud conspiracy, and are re-alleged and incorporated by reference in Counts One, Two, and Three.

- On or about December 4, 2017, Heinel instructed Singer that a payment of $200,000 for ABDELAZIZ's daughter should be directed to the gift account for the Galen Center, the arena for USC's basketball and volleyball programs.  Subsequently, Heinel and Singer agreed that instead of directing this money to USC, Heinel would receive payments of $20,000 per month personally in exchange for her assistance in securing the admission of ABDELAZIZ's daughter, and the children of other Singer clients, to USC as purported athletic recruits.   FSI ¶ 119.

- On or about March 26, 2018, after USC mailed ABDELAZIZ's daughter a formal acceptance letter, ABDELAZIZ wired $300,000 to KWF.  FSI ¶ 120.

- In or about July 2018, KWF began paying Heinel $20,000 per month in exchange for facilitating the admission of ABDELAZIZ's daughter, and the children of other Singer clients, to USC as purported athletic recruits.  The payments included at least one check that Singer mailed from Massachusetts to Heinel in California on or about January 3, 2019.  FSI ¶ 121.

Each of these allegations, including the second sentence of paragraph 119 and all of paragraph 121, are relevant to – and indeed, go to the heart of – the charged honest services fraud, federal programs bribery, and money laundering conspiracies.

## ARGUMENT

A.  <u>Applicable Law</u>

Federal Rule of Criminal Procedure 7(d) allows a court, upon the defendant's motion, to strike surplusage from an indictment.  Fed. R. Crim. P. 7(d).  As this Court has explained,

> a "motion to strike surplusage is granted only if the allegations are inflammatory, prejudicial, and irrelevant to the crime charged."  The determinative question in a

2

> motion to strike surplusage is not the prejudice, but the relevance of the allegation to the crime charged. "If the evidence of the allegation is admissible and relevant to the charge, then despite the prejudice, the language will not be stricken." Because the standard is so exacting, alleged surplusage is rarely stricken.

*United States v. Sawyer*, 878 F. Supp. 279, 294 (D. Mass. 1995) (Gorton, J.) (quoting *United States v. Gambale*, 610 F. Supp. 1515, 1542–43 (D. Mass. 1985)); *see also United States v. Berroa*, 856 F.3d 141, 157 (1st Cir. 2017) (Rule 7(d) "serves to 'protect the defendant 'against immaterial or irrelevant allegations in an indictment, . . . which may . . . be prejudicial.'"") (quoting *United States v. Lewis*, 40 F.3d 1325, 1346 (1st Cir. 1994) (quoting Fed. R. Crim. P. 7(d), advisory committee note)) (ellipses in original). "This decision rests in the sound discretion of the district court." *Lewis*, 40 F.3d at 1346 (citing *United States v. Fahey*, 769 F.2d 829, 842 (1st Cir. 1985)).

  B. <u>The Defendants Do Not Meet the Standard for Striking Language from the Indictment</u>

  The defendants contend that the second sentence of paragraph 119 and all of paragraph 121 should be stricken because the references to payments to Heinel personally – as opposed to payments to USC accounts over which she exercised control – are irrelevant and highly prejudicial. In support of their relevance argument, the defendants first assert that, because they did not know their funds would be used to line Heinel's pockets but instead believed their money would be paid on to USC athletic programs, these allegations have no bearing on the charged conspiracies and instead relate to a separate conspiracy between Heinel and Singer. That is incorrect.

  As explained in the government's response in opposition to the defendants' motions to dismiss the Indictment, *see* Dkt. 1170 at 21–22, Singer's arrangement to pay Heinel $20,000 per month was not a separate agreement formed after his agreement with the defendants but simply one of the steps taken by two co-conspirators – here, Singer and Heinel – in furtherance of the conspiracy with which all the defendants are charged. Because the defendants are charged with conspiring with Singer, Heinel, and others, steps taken by Singer and Heinel in furtherance of the

3

charged conspiracy – such as deciding how to allocate the bribes the defendants had previously agreed to pay – are highly relevant. The fact that the $20,000 monthly payments began later on is immaterial, as the conspiracy was ongoing and none of the defendants withdrew from it. Whether the defendants were aware of this specific allocation of their payments to Heinel personally is likewise immaterial, as the law is clear that each conspirator need not know all of the details of the conspiracy or participate in every act in furtherance of it. *See Berroa*, 856 F.3d at 154.

The defendants acknowledge this last point but assert that this case is different because the allocation to Heinel was inconsistent with their original agreement. Even assuming, for the sake of argument, that the defendants' contention is true, the *fact* that Singer passed the defendants' payments to Heinel personally – rather than to USC accounts over which she exercised control – does not render the allegation irrelevant. The defendants are charged with agreeing to make *quid pro quo* payments to induce a corrupt university insider to fraudulently designate their children as athletic recruits. Evidence of how the defendants' payments were ultimately allocated is both admissible and directly relevant to the charges against them. Likewise, the fact that the money was funneled through Singer's sham charity is relevant to the charged money laundering conspiracy.

Next, the defendants contend that the government has effectively conceded that the allegations regarding personal payments to Heinel are irrelevant insofar as it has argued that payments to a university program to induce Heinel to violate her duty of honest services are also bribes. Not so. The *factual* allegation is that Abdelaziz's funds were paid to Singer's charity, and from Singer's charity to Heinel personally. To re-write the Indictment as the defendants request would leave only the allegations that Heinel initially instructed Singer that a payment of $200,000 for Abdelaziz's daughter should be directed to a USC account, and Abdelaziz thereafter paid

4

$300,000 to KWF.  In other words, the defendants are asking this Court to excise the allegations about what *actually happened* – that a payment was *in fact* made to Heinel.  The idea that such allegations are irrelevant to charges of conspiracy to commit honest services fraud and federal programs bribery is absurd.

In sum, the allegations in paragraphs 119 and 121 are included in the Indictment not to prejudice the defendants, but to describe what happened:  a corrupt payment was made to Heinel in exchange for her fraudulent designation of Abdelaziz's daughter as an athletic recruit, in violation of the duty of honest services she owed to USC as her employer.  Whether the payment went to Heinel personally or to USC is not legally relevant to whether it was a bribe.  But the *fact* of what happened is relevant to the charges.  The defendants' concerns about prejudice and jury confusion do not provide a basis to strike allegations that are relevant to the charged offenses, and that form part of the conduct in furtherance of the charged conspiracies.  *See, e.g.*, *Gambale*, 610 F. Supp. at 1543 (denying motion to strike language that related to elements of the charged offense even if potentially prejudicial); *see also Sawyer,* 878 F. Supp. at 294 (because the determinative question in a motion to strike surplusage is not prejudice but relevance, where evidence of the allegation is admissible and relevant to the charge, the allegation will not be stricken, despite any potential prejudice).

## **CONCLUSION**

For the foregoing reasons, the defendants' motion should be denied.

                                                  Respectfully submitted,

                                                  ANDREW E. LELLING
                                                  United States Attorney

                                      By: */s/ Leslie A. Wright*
                                                  ERIC S. ROSEN
                                                  JUSTIN D. O'CONNELL
                                                  KRISTEN A. KEARNEY
                                                  LESLIE A. WRIGHT
                                                  KARIN M. BELL
                                                  STEPHEN E. FRANK
                                                  Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: June 12, 2020                                       */s/ Leslie A. Wright*
                                                                    Leslie A. Wright