United States District Court
District of Massachusetts

```
_____
                                  )
United States of America,         )
                                  )
          Plaintiff,              )
                                  )
          v.                      )    Criminal Action No.
                                  )    19-10080-NMG
Sidoo et al,                      )
                                  )
          Defendants.             )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

The government has charged defendants with conspiring with William "Rick" Singer ("Singer") to have their children fraudulently admitted to elite universities by, <u>inter</u> <u>alia</u>, fabricating applications, falsifying academic and athletic credentials, cheating on standardized tests, making payments to corrupt exam proctors and bribing university employees and athletic coaches.  The defendants have moved to dismiss the indictment on the basis that venue is improper in the District of Massachusetts.  For the following reasons that motion will be denied.

I.    **Background**

The facts of this case have been extensively recited several times by this Court.  <u>See</u> Docket Nos. 1169, 1334 and 1373.  Relevant to venue in this District, the Fourth

-1-

Superseding Indictment ("the FSI") alleges that defendants engaged in the following acts in furtherance of the conspiracy to gain admission for their children to universities, including those located in the District of Massachusetts:

(1)  Defendants submitted fraudulent transcripts to universities, including those in the District of Massachusetts.

(2)  Singer mailed at least one check from Massachusetts to USC athletics administrator Donna Heinel in exchange for her participation in the "side-door" scheme.

(3)  Fraudulent ACT scores obtained by Mark Riddell (a corrupt test proctor) were submitted on behalf of defendant Chen via interstate wire to Emerson College in Boston, Massachusetts and on behalf of Defendant McGlashan to Northeastern University in Boston.

(4)  Defendant Wilson, via his company, wired funds totalling $1 million to an account, located in the District of Massachusetts, in the name of The Key Worldwide Foundation ("KWF").

(5)  The high school transcript of Defendant Zangrillo's daughter which reflected credits earned in a fraudulent class-taking scheme, was emailed by Singer's associates to Boston University in Boston, Massachusetts.

(6)  Consensually recorded calls between Singer and a number of defendants occurred while Singer was located in Massachusetts.

(7)  Defendants conspired to conceal their payments by funneling them through The Key and/or KWF, both of which had accounts located in Massachusetts.  The FSI alleges that Singer used those fraudulent entities to bribe athletic coaches and to conceal the scheme.

Defendants protest that venue is improper in the District of Massachusetts as to Counts One, Two and Three.  Count One of the

FSI charges the defendants with conspiracy to commit mail and wire fraud and honest services mail and wire fraud, in violation of 18 U.S.C. § 1349.   Count Two of the FSI charges nine of the defendants with conspiring to commit federal programs bribery by bribing agents of the University of Southern California ("USC") in order to secure the admission of their children to that university.   Count Three of the FSI charges the defendants with conspiracy to commit money laundering in connection with payments made to KWF and The Key in furtherance of the admissions scheme.

## II.  Motion to Dismiss for Lack of Venue

### A. Legal Standard

The Sixth Amendment to the United States Constitution guarantees a defendant's right to trial "by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.   In order to address continuing offenses like conspiracy, Congress enacted 18 U.S.C. § 3237(a) (1994) which states that:

> any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

And, as set forth by Federal Rule of Criminal Procedure 18:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.

In a conspiracy prosecution, venue is proper "so long as any act in furtherance of the conspiracy was committed in the district." United States v. Uribe, 890 F.2d 554, 558 (1st Cir. 1989). A defendant need not have been physically present in the district. Id.; see also United States v. Josleyn, 99 F.3d 1182, 1191 (1st Cir. 1996)(noting that "[a]s a general rule, venue in a conspiracy case depends upon whether an overt act in furtherance of the alleged conspiracy occurred in the trial district. The defendant need not have been physically present in the trial district during the conspiracy")(internal citation omitted).

When considering a motion to dismiss in a criminal case, a court accepts the factual allegations in the indictment as true. Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n.16 (1952). A motion to dismiss for lack of venue should be granted, therefore, only if the "indictment does not 'sufficiently allege[ ] conduct occurring in the District of Massachusetts in furtherance of the conspiracy...'" United States v. Acherman, 140 F. Supp. 3d 113, 117 (D. Mass. 2015)(quoting United States v. Condo, No. 11-cr-30017-NMG, 2014 WL 1400817, at *1 (D. Mass. Apr. 7, 2014).

**B. Application**

**1. Count One**

Defendants' argument that venue is improper as to Count One is premised on their contention that the government has failed properly to allege a single conspiracy.  They maintain that because no single conspiracy exists, the Court must analyze each defendant's distinct relationship to this District and that the specific allegations in the FSI are insufficient to establish venue as to each defendant individually.

This Court has previously held that, on its face, the FSI adequately alleges a single over-arching conspiracy.  Because the FSI properly alleges a single conspiracy, a single act in furtherance of the conspiracy by a co-conspirator in this District is sufficient to confer venue.  See United States v. Santiago, 83 F.3d 20, 25 (1st Cir. 1996).

As detailed above, the FSI alleges numerous acts by co-conspirators in furtherance of the conspiracy which occurred in Massachusetts.  For example, in the case against Defendant Zangrillo, this Court previously explained that the FSI sufficiently alleges that when he submitted fraudulent transcripts to Boston University on behalf of his daughter, he did so as part of the larger fraud and in furtherance of the fraudulent scheme.  Venue is therefore proper in this District.

### 2. Count Two

Defendants next contend that venue in this District is improper as to the federal programs bribery conspiracy alleged in Count Two because (1) it is centered around the University of Southern California and (2) the FSI does not allege that overt acts in furtherance of that conspiracy occurred in Massachusetts.

Specifically, defendants submit that the allegation that Singer mailed a check from Massachusetts to Heinel in exchange for facilitating the admission of Defendant Abdelaziz's daughter to USC as a purported athletic recruit does not support venue. Defendants maintain that (1) the Singer-Heinel agreement was a separate and distinct arrangement formed after Singer had already agreed with the defendants to effectuate the over-arching admissions scheme and (2) because Singer was, at that point, a cooperating witness he cannot have been a co-conspirator.

The government rejoins that (1) the Singer-Heinel arrangement was part of the larger conspiracy and (2) the fact that Singer was cooperating with the government when he mailed the check is irrelevant for the purpose of determining venue. The government further explains that all the overt acts alleged with respect to Count One are re-alleged and incorporated by reference in Count Two.

The FSI properly alleges that at the time Singer mailed the checks to Heinel a single over-arching conspiracy was ongoing. According to the government, those checks were sent in furtherance of that conspiracy, not as part of a distinct agreement.  That the defendants may not have been aware of the exact arrangement between Singer and Heinel is immaterial at this stage.  United States v. Berroa, 856 F.3d 141, 154 (1st Cir. 2017)(noting that "[t]he government need not show that . . . the conspirators knew all of the details of the conspiracy or participated in every act in furtherance of the conspiracy"). Whether the defendants were aware that their payments were going to corrupt insiders or possessed the requisite corrupt intent is an issue of fact for the jury.  Because the FSI alleges that Singer mailed a January, 2019, check from Massachusetts in furtherance of the conspiracy, venue as to Count Two is proper.

Moreover, that Singer was cooperating at the time he mailed the check does negate venue in this District.  As the Court has explained, the FSI properly alleges one over-arching conspiracy which includes Singer, the defendants and Heinel.  As the government notes, the FSI alleges that all defendants and co-conspirators remained a part of the continuing conspiracy after Singer began cooperating with the government. See United States v. Portela, 167 F.3d 687, 700 n.8 (1st Cir. 1999)(noting that "[t]he rule that government agents do not count as co-

- 7 -

conspirators has relevance only in situations where the
conspiracy involves only one defendant and a government
informer."); United States v. Cordero, 668 F.2d 32, 43 (1st Cir.
1981).  Because Singer mailed a check from Massachusetts in
furtherance of the ongoing conspiracy, venue is proper in this
District regardless of the fact that he may have been
cooperating with the investigation at that time.

### 3. Count Three

Finally, defendants argue that the FSI's allegations
describing the money laundering conspiracy do not identify
payments made to or from accounts located in this District.  As
the Court has previously held, the FSI sufficiently alleges a
money laundering conspiracy.  According to the government, the
scheme operated in stages.  Defendants first allegedly made
payments to KWF and The Key with the intent that Singer would
use the proceeds to pay Heinel and others.  Singer then used
that money to pay the corrupt insiders and effectuate the
admissions scheme.

The FSI alleges that Singer mailed a check to Heniel from
Massachusetts and that Defendant Wilson made payments from
accounts located in Massachusetts to Singer's fraudulent
entities.  Both payments are alleged to have been made in
furtherance of the money laundering conspiracy and establish
that venue is proper in this District.  Moreover, the FSI

alleges generally that Singer funneled bribes through his
fraudulent entities to athletic coaches and administrators in
the District of Massachusetts.  Because, with respect to a
motion to dismiss, the Court is to construe the allegations in
an indictment as true, those allegations are sufficient to
establish venue.

### 4. Foreseeability

Defendants next argue that even if the FSI properly alleges
a single conspiracy, this Court should adopt the foreseeability
test articulated by the Second Circuit Court of Appeals.  United
States v. Svoboda, 347 F.3d 471, 483 (2d Cir. 2003).  The Second
Circuit test requires that

> (1) defendant intentionally or knowingly causes an act in
> furtherance of the charged offense to occur in the district
> of venue or (2) it is foreseeable that such an act would
> occur in the district of venue.

Id.

As the government notes (and defendants concede) the First
Circuit has not adopted such a foreseeability requirement and
several other circuits have explicitly rejected such as test in
the context of section 3237(a).  See United States v. Renteria,
903 F.3d 326, 329-30 (3d Cir. 2018); United States v. Gonzalez,
683 F.3d 1221, 1226 (9th Cir. 2012).  A foreseeability test is
required by "neither the text of the Constitution nor of

§ 3237(a)" and this Court will not adopt such a test. <u>Renteria,</u>

903 F.3d at 330.

**ORDER**

For the foregoing reasons, defendants' motions to dismiss

the indictment for improper venue (Docket No. 1019) is **DENIED.**

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated July 16, 2020