UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.              )<br>)<br>AMY COLBURN, *et al.*,       )<br>)<br>      Defendants )<br>) | Criminal No.: 19-10080-NMG<br><br>**Leave to file granted on**<br>**July 7, 2021 (Dkt. 1940)** |

## GOVERNMENT'S REPLY IN FURTHER SUPPORT OF ITS
## MOTION FOR RE-CONSOLIDATION

The government respectfully submits this reply in further support of its motion to re-consolidate this case for trial in September.

In all filings, court appearances, and plea negotiations with the government before today, counsel for defendants Amy and Gregory Colburn have indicated that they represent the Colburns jointly.[1]  Yet now, in response to the government's motion for re-consolidation, they accuse the government of "flippantly assert[ing]" that they "'are represented by the same counsel

---

[1] At the outset of these proceedings, Attorney David Schumacher filed a notice of appearance "as counsel *for defendants Amy Colburn and Gregory Colburn* in the above-captioned action." Dkt. 27 (emphasis added).  Subsequently, Attorney Schumacher filed a motion requesting that his law partners, attorneys "Patric Hooper and Jordan Kearney of Hooper, Lundy & Bookman, P.C. be permitted to appear as counsel *for the Colburns* and practice in this Court pro hac vice." Dkt. 80 (emphasis added).  On June 6, 2019, the government moved pursuant to *United States v. Foster*, 469 F.2d 1, 5 (1st Cir. 1972), and Federal Rule of Criminal Procedure 44(c), to address, *inter alia*, the conflicts of interest arising from the fact that attorneys from the same law firm purported to represent the Colburns jointly.  Dkt. 400 at 2.  In response, Attorneys Schumacher, Hooper and Kearney asserted that no conflict existed and that "the Colburns desire joint representation from undersigned counsel." Dkt. 462 at 2.  On July 19, 2019, the Colburns filed waivers of their right to separate counsel. Dkts. 481, 482.  In May, the Colburns filed a motion to sever and transfer their case, which was signed by their attorneys as "Counsel for AMY COLBURN and GREGORY COLBURN." Dkt. 1867.  In their brief, they asserted: "Two of *the Colburns' lawyers* reside in California—one in the Central District, another in the Northern District—and *their third lawyer* resides in Boston." *Id.* at 9 (emphasis added).  As recently as the status conference three weeks ago, Attorneys Schumacher and Hooper identified themselves as appearing "on behalf of Gregory Colburn and Amy Colburn." Dkt. 1935-1 at 6.

and will presumably sit together at trial," and contend that "the government knows nothing" about their trial strategy, "including which lawyer will represent each at trial." Dkt. 1935 at 3; *see also* Dkt. 1936 at 1.  Docket 1935 is signed by Attorney David Schumacher as "Attorney for AMY COLBURN," while Docket 1936 is signed by his law partner, Attorney Patric Hooper, as "Attorney for GREGORY COLBURN," although both briefs were filed by Attorney Schumacher.

This is gamesmanship.  When Magistrate Judge Kelley granted the Colburns' request to be jointly represented, she ordered as follows:  "Should they conclude in the future that representation by different counsel is appropriate, that decision should be made promptly upon discovery of the facts warranting that decision." Dkt. 501 at 2 (emphasis added).  Judge Kelley added that the Court was "not obligated to continue deadlines or a trial date based upon a late decision to obtain new counsel," noting, "Present counsel shall immediately notify this court in writing should counsel become aware of new information bearing on the question of joint representation." *Id*. at 2-3.  The Colburns have never made such a notification, or presented the Court with any facts warranting a decision to proceed with separate counsel, and the Court is not obligated to continue deadlines or a trial date based on such a decision, as they were advised.

Equally unavailing is the Colburns' effort to style the government's motion as one for "reconsideration."  The government does not seek reconsideration.  This Court ruled three weeks ago that, in the event the total number of defendants is reduced to 6 "in the near future," all remaining defendants will be tried together in September.  *See* Dkt. 1935-1 at 2.  The government's motion simply apprised the Court that, with the plea of defendant Zadeh, the number of defendants has effectively been reduced to 6, because the Colburns are married and

jointly represented, and thus "effectively count as a single defendant" "for logistical purposes," Dkt. 1932—a phrase omitted from the Colburns' briefs.[2]

The defendants' contention that there are disclosure or fairness issues with re-consolidation is untrue. Until just three weeks ago, the Colburns and Chen were definitively scheduled to be part of the September trial. And at the June 15 conference, the Court reaffirmed that they might yet be tried in September. None of the defendants has yet produced an exhibit or witness list, and any adjustments to the government's witness and exhibit lists will be minimal. There remains time for the requisite pre-trial disclosures by all parties.

The government does not expect that including the Colburns and Chen will materially lengthen the September trial, particularly in light of defendant Zadeh's plea.[3] The contention that defendant Chen's purported need for a Mandarin interpreter will delay the proceedings is also incorrect. Should defendant Chen require an interpreter, the interpretation will be simultaneous. Conducting a second trial simply to avoid the need for interpretation at the first trial does not promote efficiency.

For these reasons, and the reasons previously set forth in its prior briefing, the government respectfully moves to re-consolidate the proceedings for trial in September.

---

[2] The government has not neglected its meet-and-confer obligations. The defendants have repeatedly opposed a consolidated trial in September, including through their motion for severance just a few weeks ago.

[3] Docket 1936 references a health condition of defendant Gregory Colburn. Dr. Colburn's *ex parte* declaration describing this condition has not been shared with the government.

3

                                  Respectfully submitted,

                                  NATHANIEL R. MENDELL
                                Acting United States Attorney

By:    */s/ Stephen E. Frank*
        JUSTIN D. O'CONNELL
        KRISTEN A. KEARNEY
        LESLIE A. WRIGHT
        STEPHEN E. FRANK
        IAN STEARNS
        Assistant United States Attorneys

Date: July 7, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                  */s/ Stephen E. Frank*
                                  Stephen E. Frank
                                  Assistant United States Attorney

Date: July 7, 2021