UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                            )    Criminal No.: 19-10080-NMG<br>)<br>GAMAL ABDELAZIZ, *et al.*,              )<br>)<br>            Defendants                          ) | |

Your affiant, Samantha Abbott, based on information and belief, depose and state as follows:

1.  I am an Information Technology Specialist—Forensic Examiner (ITS-FE) with the Federal Bureau of Investigation (FBI), currently serving as a Computer Analysis Response Team (CART) examiner at the New England Regional Computer Forensic Laboratory (NERCFL), 201 Maple Street, Chelsea, Massachusetts. The Computer Analysis Response Team is responsible for providing forensic services to the FBI's investigators, namely, through the acquisition, preservation, examination, processing, and presentation of stored digital information in computers, other electronic devices, or media. I hold a Bachelor of Science in Psychology, from Erskine College, located in Due West, South Carolina, and a Master's Degree in Information Assurance from Northeastern University, Boston, MA. I was certified in Cell Phone Forensics by Headquarters CART.

2.  This certification is to satisfy Federal Rules of Evidence 902(11), 902(13) and 902(14).

3.  The New England Regional Computer Forensics Laboratory provides electronic forensic services for Federal and Local Law Enforcement Agencies. The NERCFL was asked to

instruct Boston FBI Special Agent Kaitlyn Cedrone as to the proper operation of the standalone Cell Phone Kiosk (CPK). I provided that instruction.

4. The CPK is an FBI Windows computer. It is designed to be operated by non-CART personnel and is regularly used by FBI Special Agents and other employees to perform cellphone extractions and process the results for investigative review. A Digital Forensic Review Workstation is an FBI Windows 10 computer designed to be operated by non-CART personnel and is available for FBI Special Agents and other employees to review digital media. These tasks are performed using FBI approved digital forensics tools including Cellebrite Physical Analyzer.

5. The resulting data and reports can be copied to USB, or optical media such as DVDs and Bluray discs for submission to evidence control where they are maintained in the ordinary course of business. The CPK and review workstation are routinely managed by the NERCFL which includes restarting the system. They are determined to be operating correctly when they restart with no errors reported and successfully pass a power on self-test (POST). The CPK and review workstation are restarted whenever maintenance such as program updates are installed. The CPK and review workstation require POST to have passed in order to be available for Special Agent use.

6. Cellebrite Physical Analyzer is an industry standard tool widely used by private industry and law enforcement. The NERCFL uses versions of this tool that have been tested and validated by the Operational Technology Division of the FBI. Upon successfully passing this testing and validation process, the tools are designated as being approved for use.

7. The CPK use approved versions of Physical Analyzer. I reviewed the log generated by Special Agent Cedrone and determined that the version of the tool she used for this work was

Physical Analyzer 7.9.0.223. This was an approved tool at the time Special Agent Cedrone used it.

8. When a cellphone extraction is processed, the specific location on the physical device where the data was acquired from is reported.

9. When the data is rendered for investigative review, Physical Analyzer renders the data in a human readable form where possible.

10. To ensure the integrity of extracted data throughout the process, Cellebrite tools generate a hash value of the extraction using the SHA256 algorithm and store the hash for later reference. A hash is a mathematical function that provides a unique value for a given piece of data. At any time, the hash algorithm can be run on the extraction in its current state. If the new hash value matches the original hash value, the contents of the extraction have not changed and the integrity is verified.

11. I received a request to review a phone extraction contained on Digital Versatile Disc (DVD) FBI evidence item 1B12, locate six voicemail files and include device information. On August 16, 2021, I used Cellebrite Physical Analyzer to generate a report containing the results of that review.

12. The report contained the following information:

   a. The extraction was created on October 5, 2018.

   b. The AppleID on the phone was "rwsinger@gmail.com"

   c. The owner name on the phone was Rick Singer.

   d. The phone's IMEI was 353807081688088

   e. The MSISDN is 1 (916)384-8802

   f. The phone model was A1784 (iPhone 7 Plus)

13.   Also on August 16, 2021, I calculated the SHA256 hash of the extraction after the report was generated.

14.   I compared the SHA256 hash value stored on the DVD with the hash calculated on August 16, 2021. The SHA256 hashes matched, verifying that the extraction data had not changed.

15.   Using the methods described above I verified the operation of the tools in question, and the integrity of the contents of the extraction.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED: August 17, 2021

_____
Samantha Abbott
ITS-FE, FBI